# CHARLESTON.

### STATE *v.* SAMUEL MICHAELS

(No. 5958)

Submitted May 3, 1927.    Decided May 10, 1927.

1.  STATUTES—*Statute Omitted From Subsequent Act on Same Subject, Expressing Entire Legislative Intent Thereon, is Discarded, Though Not Inconsistent With Later Statute.*

    Where a statute is omitted from a subsequent Act on the same subject, and the later enactment manifestly expresses the entire legislative intent on that subject, the former statute is held to have been discarded, although it may not be inconsistent with the later.    (p. 637).

    (Statutes, 36 Cyc. p. 1078.)

2.  ANIMALS—*Statute Punishing Harboring Sheep-Killing Dog Held Repealed (Acts 1921, c. 116, §34; Acts 1925, c. 83).*

    So much of Sec. 34, Ch. 116, Acts of 1921, as makes it a crime to harbor a sheep-killing dog, is repealed by Ch. 83 of the Acts of 1925.    (p. 638).

    (Animals, 3 C. J. § 542.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Jefferson County.

Samuel Michaels was prosecuted for harboring a dog, knowing it had worried, chased and killed sheep outside defendant's inclosure.   A demurrer to the indictment was sustained, and the State brings error.

*Affirmed.*

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *John T. Porterfield,* for the State.

*Geo. P. Shirley* and *Campbell & Hannis,* for defendant in error.

HATCHER, PRESIDENT:

The defendant was charged in the circuit court of Jefferson county with harboring a dog which defendant knew had worried, chased and killed sheep outside of defendant's enclosure.   The lower court sustained a demurrer to the indictment, and the State obtained a review of that ruling here.

The indictment is based on the latter part of Sec. 34, Ch. 116, Acts 1921. The demurrer was sustained on the theory that Sec. 34 has been repealed by Ch. 83, Acts 1925.

The first act in this state for the protection of sheep from dogs was passed in 1875. For some unexplained reason, that sheep and dog act was incorporated in Ch. 62 of the Code, which was the chapter on game and fish. Sheep and dogs and game and fish have been codified in that chapter ever since. All amendments of the sheep and dog law, including the Act of 1921, have been made along with amendments of the game and fish statutes, until the Act of 1925. In that act the Legislature evidently designed to remove sheep and dogs from association with game and fish, and devote to the former a chapter all their own. The comprehensive title of the Act so indicates. The title is:

> An Act for the protection of sheep, lambs, goats and kids and other property and providing compensation for the owner for the destruction, loss or injury by dogs for any sheep, lambs, goats or kids and other property, and providing for damages to persons by dogs, and also providing for taxation and protection of dogs and making dogs property and fixing punishment for any violation of this Act.''

The Act of 1921 contained only three sections dealing with sheep and dogs, Secs. 33, 34 and 35. The Act of 1925 contains seven sections. The first three sections of the latter Act impose a tax on dogs, propose to protect dogs on which taxes are paid, and establish a fund from such taxes to reimburse owners for sheep injured by dogs. Sec. 4 of that Act embraces the matters contained in Secs. 33 and 35 of the Act of 1921. Secs. 5 and 7 of the Act of 1925 contain the law and elaborate the remedy specified in the first part of Sec. 34 of the former Act. Consequently, we find all of the sheep and dog law of the Act of 1921 rewritten in the Act of 1925, except the ''dog-harboring'' law contained in the latter part of Sec. 34. The object of the ''dog-harboring'' law was to protect sheep. The initial purpose of the Act of 1925, as declared in its title, is to protect sheep. In furtherance of that purpose, the

Legislature devised a scheme which included new provisions' in connection with a restatement and amplification of the old law. A comprehensive revision of the law on a subject, such as was made here, of itself implies that the revised system supercedes the former one. A comparison of the Acts of 1921 with the Act of 1925 leaves no doubt that it was the Legislative intention to entirely rewrite the sheep and dog law and to substitute its will in 1925 for the former enactment thereon.

The repeal of a statute by implication is not favored. But an exception to the general rule is recognized when a new statute revises the whole subject matter of an old one. A leading case is *Bartlet* v. *King*, 12 Mass. 555 (563), decided in 1815, which declares: ''A subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law as well as in reason and common sense operate to repeal the former.'' That statement of the law was adopted by this court in *Herron* v. *Carson*, 26 W. Va. 62, *State* v. *Mines*, 38 W. Va. 125, and *Grant* v. *Ry. Co.*, 66 W. Va. 175. The principle it expresses has been further affirmed in *Beck* v. *Cox*, 77 W. Va. 442, and *Cunningham* v. *Cokely*, 78 W. Va. 60. See also extensive annotation, 5 A. & E. Ann. Cases 202-3. The fact that the latter part of Sec. 34, Acts 1921, is not of itself inconsistent with the provisions of the Act of 1925, is of no consequence. ''Although the provisions of unrepealed legislation may not be inconsistent with those of a new enactment, still where it is the legislative intent to embrace the whole subject, it is well settled that what is not included in the later statute must be held to have been discarded.'' *Camden* v. *Varney*, 34 Vroom (63 N. J. L.) 325, (329). *Murdock* v. *Memphis*, 20 Wall. 590 (617); 25 R. C. L. Sec. 175, p. 925.

We therefore hold that the ''dog-harboring'' law was omitted advisedly from the Act of 1925.

The ruling of the lower court is affirmed.

*Affirmed.*