# CHARLESTON.

James A. Bent *v.* H. W. Weaver *et al.*

(No. 6568)

Submitted November 19, 1929. Decided December 3, 1929.

*James A. Bent,* for plaintiff in error.
*E. L. Maxwell* and *Mohler, Peters & Kelly,* for defendants in error.

Litz, Judge:

This is a contest between an execution creditor and the assignee of a conditional sale vendor.

October 1, 1927, H. W. Weaver, Inc., sold a motor truck to Luther M. Hill, by written contract reserving title to secure a

balance of the purchase price, and assigned the benefit of the contract to C. I. T. Corporation. October 20th, an execution was issued on a judgment in favor of the petitioner, James A. Bent, against Hill and placed in the hands of the sheriff. On the following day the conditional sale contract was recorded. November 2nd, the execution was levied on the truck as the property of the common debtor. On November 16th, Bent filed a petition in the circuit court against Hill, H. W. Weaver, Inc., and C. I. T. Corporation asserting a lien on the property, by virtue of his execution, superior to the lien of the C. I. T. Corporation, under the conditional sale contract.

H. W. Weaver, Inc. and C. I. T. Corporation tendered a joint special plea, which the court rejected, averring, substantially that the lien in favor of the latter was unaffected by the lien which the petitioner asserts, because the execution was issued after the date of the contract of sale and levied after its recordation. A submission to the court upon an agreed statement of facts resulted in an adjudication giving priority to the lien of the petitioner. This Court reversed the ruling of the circuit court and upheld the special plea, by interpreting section 5 of the Uniform Conditional Sales Act (Chapter 99-A of the Code), which provides: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or *levy* a lien upon them, before the contract or a copy thereof shall be recorded as hereinafter provided, unless such contract or copy is so recorded within ten days after the making of the conditional sale." *Bent* v. *H. W. Weaver, Inc. et al.,* 106 W. Va. 164. After the case was remanded, the petitioner filed three special replications to the special plea averring (1) that said section 5 is not within the title of the act as required by section 30, article 6 of state constitution; (2) that it is class legislation in violation of section 39 of said article; and (3) that it denies to petitioner the equal protection of the law in contravention of the Fourteenth Amendment to the Federal Constitution. These special replications having been rejected, a second submission to the court upon an agreed statement of

facts resulted in an order dismissing the petition with costs to the defendants.

The petitioner contends (1) that the special replications are valid, and (2) that the petition should not have been dismissed after their rejection, because the record does not show affirmatively that the purchase price of the truck has not been fully paid.

The title of the Uniform Conditional Sales Act reads: "An act concerning conditional sales, and to make uniform the law relating thereto." The title of an act is sufficient (under the constitutional requirement), though general in terms, if it serves as a fair and reasonable index to the purposes of the legislation. *State* v. *Thompson*, 80 W. Va. 698. The title of the act under consideration measures up to this standard. It clearly indicates a revision and re-enactment of the whole law relating to conditional sales.

It seems to be the theory of the petitioner (in his contention that section 5 of the Uniform Conditional Sales Act is class legislation and results in the denial to him of the equal protection of the laws), that a conditional sale vendor and an execution creditor belong to the same class; and that said section, which divides them into separate classes, is, therefore, class legislation. The rule which the petitioner contends has thus been violated, stated in his own language as counsel for himself, follows: "The legislature cannot take what may be called a natural class, split that class in two, and then arbitrarily designate the dissevered factions of the original unit as two classes, and thereupon enact different rules for the government of each by way of exclusive legislation." The fallacy of such argument is apparent. "While it is necessary that the law affect alike all persons in the same class and under similar conditions, so long as a law operates alike on all persons and property similarly situated, it is not subject to the objections of special or class legislation, nor is it in violation of the federal guaranty as to the equal protection of the laws." 6 R. C. L., 375. A conditional sale vendor and execution creditor belong to separate classes.

The agreed statement of facts, which was signed by the parties before the first submission, stipulates that the balance

of the unpaid purchase price of the truck is $688.00. The petitioner insists that this stipulation should be considered as of the date of the first submission and not the time of the last submission. Whether it be considered as of one or the other date, there is no presumption from the evidence that any payments had been made in the *interim*.

The judgment of the circuit court is affirmed.

*Affirmed.*