*State Ex Rel.* J. W. RICKEY, *Prosecuting Attorney, etc. v.* EDGAR B. SIMS, *Auditor, and* RICHARD E. TALBOTT, *Treasurer*

(No. 9039)

Submitted January 16, 1940.   Decided January 30, 1940.

*Arthur S. Dayton* and *Walton Shepherd, Jr.,* for relator.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondents.

KENNA, JUDGE:

This is a mandamus proceeding by which the relator, J. W. Rickey, prosecuting attorney of Marshall County, seeks to have the Auditor draw his warrant upon the

State Treasurer and the State Treasurer honor that warrant to meet a salary alleged to be due him from the State Treasury by reason of a provision appearing in Chapter 162 of the Acts of the Legislature of 1927, not embodied in the recodification of this State's general statutory law enacted in 1931. The rule was awarded, respondents appeared, demurred to the petition, and filed no answer, so that the sole question involved upon this submission is one of law.

Section 1 of Chapter 165 of the Code of 1868 consisted of the following provision:

> "All criminal proceedings against convicts in the penitentiary shall be in the circuit court of the county of Marshall."

This provision has remained upon our statute books since that time, and the circumstances giving rise to the legal question controverted in this proceeding are that in 1927, a statute was enacted which added to and reenacted the quoted section, making it read thus:

> "All criminal proceedings against convicts in the penitentiary shall be in the circuit court of the county of Marshall, and the prosecuting attorney of said county shall be paid an annual salary of twelve hundred dollars by the state, as compensation for his services in connection with such criminal proceedings, said salary to be paid out of the annual state appropriation for 'criminal charges.'" Chapter 162, Acts of 1927.

When the Official Code of 1931 was enacted, the part of the immediately preceding section referring to salary was omitted, and not reenacted as a part of that codification. However, both the Auditor and the Treasurer continued to pay the salary as provided in the 1927 act until January, 1939, when they both, acting under the advice of the Attorney General, declined to do so. The 1939 session of the Legislature increased the salary of the prosecuting attorney of Marshall County, but did not appropriate any part of the salary from a state fund, and did not alter Code, 62-8-3.

The relator contends that that part of the 1927 act providing for the salary is a special or local, and not a general, statute, and that, therefore, its omission in the Official Code of 1931 did not constitute a repeal of that particular provision due to the fact that special acts are explicitly excluded from the Code Commission's authority, and in the act adopting the Official Code it was expressly provided that statutes of that kind should remain in full force. The relator asserts that if that position is not tenable, and that if the 1927 act is to be dealt with as a general statute in its entirety, it nevertheless follows that the added clause in that act is to be construed as an intermediate amendment lying in point of time between two enactments of the identical statute and that under a well recognized rule of construction it is not to be regarded as repealed by the subsequent enactment; and furthermore, that clause of the 1927 act not having been expressly repealed, it is not to be regarded as repealed by implication, and that both the Auditor and the Treasurer having, for eight years, issued and met warrants on the theory that the salary provision was in effect after the adoption of the 1931 Code, the courts will be loath to repudiate a practical construction so promulgated.

The respondents call attention to the fact that the act adopting the 1931 Code contains a general repealing provision applicable to "all acts and parts of acts of a general nature" in existence prior to the adoption of the Code and not included therein, the salary provision of the 1927 act having been omitted; that regarding the salary provision as a special provision, it still is repealed by the adoption of the 1931 Code by clear and plain implication, and upon the question of practical interpretation, cite *State* v. *Conley,* 118 W. Va. 508, 528, 190 S. E. 908, 917, as holding that no such interpretation nor construction can create power.

It would seem apparent that the first question to be gone into and determined is whether the act of 1927 can be subdivided so that the part laying venue in Marshall County can be regarded as general and that part of it pro-

viding a salary for the prosecuting attorney can be regarded as special.

Section 39 of Article VI of our Constitution inhibits the Legislature from enacting any local or special law falling within eighteen enumerated specifications. The last paragraph of the same section provides that in no case shall a special law be passed where a general law "can be made applicable to the case." This provision was for the purpose of preserving uniformity and consistency in the statutory enactments of the state. *Brozka* v. *Brooke County Court*, 111 W. Va. 191, 160 S. E. 914.

It seems quite clear, therefore, that the constitution of this state gives rise to a rule of construction when the question involved is whether an enactment is classified as a general act or as a special or local act. There is a well-settled general rule that in cases of doubt, the legislative intent not to exceed their constitutional powers is to be presumed, so that the outgrowth of a doubtful construction of an enactment is to so construe as to render it constitutional. 25 R. C. L., p. 1003, sec. 245. Based upon that presumption of the legislative intent and purpose, it follows that the legislative intent to comply with constitutional directions in enacting legislation and to enact a general law, instead of a special or local law, wherever a general law "can be made applicable to the case" should be weighed when the conclusion is doubtful. Supposedly, the Legislature is familiar with the terms and provisions of our constitution, and desires to conform to and be governed by them. We believe that this section of our constitution requires the courts, in cases of doubt, to favor the construction which would result in a statute being viewed as a general law.

Undoubtedly a statute can be subdivided in a manner permitting certain parts to be construed as special legislation and other parts as general enactments. Following that reasoning to its ultimate result, it may be that a sentence in a legislative enactment could be so treated, as is the relator's contention now. However, treating the legislative purpose and intention as one of the controlling fac-

tors in construing their enactments, it seems rather attenuated to conclude that as between general and special enactments it was the Legislature's purpose to split a sentence for the purpose of having that part of it conferring venue upon the Marshall County Circuit Court construed as a general act, which was the unavoidable consequence of including it in the 1931 Code, and that part of the same sentence following a comma which dealt with the salary of the prosecuting attorney as a special and unrepealed enactment. Conceding that the legislative purpose to follow this course, if plain and distinct, could, to the extent even of splitting a sentence, control the construction of their enactment, we are of the opinion that there is no such distinctive showing of the legislative purpose and intent as would be required in order to pursue such an exacting construction. The statute under consideration consists of but one sentence. We believe that it should require an extremely strong showing to classify one part of that sentence as a general statutory provision and the other as a special act.

The obvious legislative purpose in adopting the act of 1927 was to provide remuneration to the prosecuting attorney of Marshall County, who, by virtue of that act, was charged with duties which resulted solely from the fact that the State Penitentiary is located at Moundsville. Until several years after the enactment of the 1927 act, the provisions of Code, 62-8-3, were regarded as laying venue in Marshall County for the prosecution of any offense in any county committed by an inmate of the state penitentiary. This construction of that section related not to the nature of the duties the prosecuting attorney was charged with, but from a practical standpoint it certainly affected their onerousness. The burden of performing his duties was increased greatly by the practical operation of the state government and in recognition of this fact, the act of 1927 was passed. As we view the matter, under the terms of that act, the prosecuting attorney of Marshall County was designated *pro tanto* an *ex officio* state officer to perform functions rendered essential by the state-wide

enforcement of law. The same situation exists today though the degree and extent of the prosecuting attorney's state-wide duties may have varied. However, the 1939 Legislature quite evidently concluded that the additional work justified the payment of an additional eighteen hundred dollars a year.

We cannot regard the 1927 act or any of its parts as being a special enactment. Judged solely by the place of performance, of course, the duties required of the prosecuting attorney of Marshall County by that enactment are purely local, but considering the subject matter and the relationships adherent in their performance, in their scope they are state-wide. We so hold.

We come now to the position taken by the relator that treating the 1927 law as general in its entirety, the clause thereof relating to salary is to be regarded as an intermediate amendment which was not repealed by the re-enactment of the venue provision in the 1931 Code. Conceding that the rule of construction invoked by the relator may be applied when, as here, the subsequent reenactment is a recodification, and is as applicable as when both the prior and subsequent statutes are separate acts, we do not believe this rule of construction has potency enough to overcome the general repealer provision of the 1931 act adopting the recodification, and expressly repealing general statutes not re-enacted by inclusion in the 1931 Code. Furthermore, we believe that the cases relied upon by the respondents destroy the applicability of this rule of construction. In the case of *State* v. *Michaels,* 103 W. Va. 634, 636, 138 S. E. 199, 200, this Court approved the following language: " 'A subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law as well as in reason and common sense operate to repeal the former.' " See also, the cases cited in the *Michaels* case. We cannot follow here the rule of construction which treats an intermediate act as continuing legislation.

Neither do we believe that the 1931 Code and the omis-

sion therefrom of a general act of the Legislature must be treated as a repeal by implication, which, of course, is to be avoided unless essential. The recodification contained an express provision which we believe covered and repealed the omitted part of this general statute, not by implication but by an applicable general provision. We must not lose sight of the fact that the involvement here consists entirely of an omitted provision of the former act, and does not involve two or more contradictory or inconsistent statutory provisions. A case dealing with an omitted provision and treating the omission as a repeal is that of *Rhodes* v. *J. B. B. Coal Co.,* 79 W. Va. 71, 90 S. E. 796. We cannot regard the 1931 Code as simply a repeal by implication, but are inclined to believe that even if it were so treated, that comparable to the length of the entire enactment, the omitted portion was relatively so outstanding that its omission was too apparent to be ignored.

The final question is that of practical construction. For eight years, the Auditor's warrant, approved by the Treasurer, was paid from a state fund known as "Criminal Charges". Acting under the advice of the Attorney General, in January, 1939, they discontinued doing so. We are asked to regard the eight years that the Auditor and Treasurer paid this salary in spite of the fact that the salary provision of the 1927 act was not included in the 1931 Code as a practical construction which did not treat the 1931 Code as repealing the salary provision.

It will be noted that this practical construction has not been uniform due to the fact that the present Auditor and the present Treasurer are now contradicting the practical construction insisted upon, apparently due to the Attorney General's advice. A lack of uniformity in a statute's application destroys the force of a practical construction based upon an attitude at variance with that of the present. 25 R. C. L. 1046. Furthermore, there do not seem to be any equities based upon the practical construction involved. The prosecuting attorney of Marshall County certainly was benefited, rather than harmed, by an erroneous practical construction, and will not be injured by a

judicial determination out of harmony with that construction. We do not believe that the present involvement is one in which practical construction can be regarded as helpful. There is no patent ambiguity in the terms of the 1927 act. The question involved rests well nigh entirely upon whether the salary provision of that act is to be regarded as a special or general enactment. That is not a question of interpretation, but a judicial problem of construction. As holding that a practical interpretation which conflicts with the plain meaning of the language cannot be accepted as controlling, see *State* v. *Conley,* 118 W. Va. 508, 509, Syl. Pt. 3, 190 S. E. 908.

Being under the impression that the relator has failed to make a plain showing entitling him to a writ of mandamus and that the demurrer of the respondents to the petition should be sustained and the petition dismissed, it is so ordered.

*Write refused.*