# Richmond

## W. J. Gandy v. County of Elizabeth City.

March 2, 1942.

Record No. 2495.

Present, All the Justices.

The opinion states the case.

*Montague & Holt* and *H. H. Holt,* for the plaintiff in error.

*J. Wilton Hope, Jr.* and *Frank A. Kearney,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

W. J. Gandy has been convicted of violating an ordinance enacted by the Board of Supervisors of Elizabeth City county which imposed a tax upon those doing business there. Upon a writ of error that judgment now comes under review.

This ordinance was first adopted on December 6, 1939, and later, on December 22, 1939, it was amended and re-adopted. Before it could go into effect its approval by the judge of the circuit court was necessary. It was approved by him on the 14th day of March, 1940, but by a *nunc pro tunc* order of that date it was made to take effect as of February 27, 1940.

Authority relied upon to enact such an ordinance and conditions prerequisite to its taking effect appear in an act of the

General Assembly approved February 27, 1932, Acts of Assembly, p. 61, Code, section 2743b, which, in part, reads:

"1. Be it enacted by the general assembly of Virginia, That the boards of supervisors of counties adjoining and abutting any city, within or without this State, having a population of one hundred and twenty-five thousand or more, as shown by United States census, and the boards of supervisors of counties adjoining any county which adjoins and abuts any such city and has a density of population of five hundred or more to the square mile, are hereby vested with the same powers and authority as are now vested or which may hereafter be vested in the councils of cities and towns by virtue of the Constitution of the State of Virginia or the Acts of the General Assembly passed or which may hereafter be passed, in pursuance thereof; provided, however, that no ordinance shall be enacted under authority of this act regulating the equipment, operation, lighting, or speed of motor propelled vehicles operated on the public highways of such county, unless the same be uniform with general laws of this State, regulating such equipment, operation, lighting or speed and with the regulations of the State highway commission enacted pursuant to such general laws.

"Provided, that all laws enacted by boards of supervisors under authority of this act shall be submitted to and approved by the judge of the circuit court of the respective counties, after hearing testimony of all parties desiring to be heard to be taken as in common law cases, showing the necessity of such laws and police regulations, or in opposition thereto. And provided further that all fines imposed under any such ordinances shall be paid into the State treasury where the offender was arrested by an officer of one of the departments of the State government. * * *"

By an act approved March 14, 1924, Acts of Assembly, p. 307, Code, section 2743, boards of supervisors were given this among other powers:

"To adopt such measures as they may deem expedient to secure and promote the health, safety, and general welfare of the inhabitants of their respective counties not inconsistent with the general laws of this State."

It was there further provided:

"No such ordinance or by-laws shall be passed until after notice of an intention to propose the same for passage shall have been published for two successive weeks prior to its passage in some newspaper published in the county, or if there be none such, in some newspaper published in an adjoining county or nearby city and having a general circulation in the county of said board, and no such ordinance or by-laws shall become effective until after it shall have been published in full for two successive weeks in a like newspaper."

A legislative committee to which this matter was referred was of opinion that the purposes sought to be accomplished could not be effected by a general law and that a special act was necessary. The act of February 27, 1932, contains no such provision for publication as appeared in the act of March 14, 1924. Code, section 2743. If the act of February 27, 1932, is complete in itself and stands alone and upon its own feet, it is only necessary that its provisions be observed; otherwise it should be read in connection with other cognate general statutes; that is to say, those which deal with this general subject.

It will be observed that the act of 1932 is general in its provisions and applies to all "counties adjoining and abutting any city, within or without this State, having a population of one hundred and twenty-five thousand or more, as shown by United States census, and the boards of supervisors of counties adjoining any county which adjoins and abuts any such city and has a density of population of five hundred or more to the square mile."

"A law is 'special' in a constitutional sense when by force of an inherent limitation it arbitrarily separates some persons, places or things from those upon which, but for such separation, it would operate." *Budd* v. *Hancock*, 66 N. J. L. 133, 48 A. 1023.

A law is general though it may immediately affect a small number of persons, places or things, provided, under named conditions and circumstances, it operates alike on all who measure up to its requirements.

In *Martin's Ex'rs* v. *Commonwealth*, 126 Va. 603, 102 S. E. 77, 724, the "West fee bill" came under review. There compensation for court clerks was varied according to the population of the counties. Those having a population of 50,000 or over fell within the first class. Contention was made that such a provision constituted special legislation, but the court said not so, and quoted this with approval from *Budd* v. *Hancock, supra*:

█ "The test of a special law is the appropriateness of its provisions to the object that it excludes. It is not, therefore, what a law includes that makes it special, but what it excludes. If nothing be excluded that should be contained, the law is general. Within this distinction between a special and a general law, the question in every case is whether any appropriate subject is excluded to which the law, but for its limitations, would apply. If the only limitation contained in a law is a legislative classification of its objects, it is a general law."

This principle was reaffirmed in *Bryce* v. *Gillespie*, 160 Va. 137, 168 S. E. 653, where it was said:

█ "The legislative department has the power to determine, within reasonable limits, what public convenience and public welfare require. The wisdom of its legislation is not the concern of the courts. It is the duty of the courts to sustain the constitutionality of an act in all doubtful cases. An act is not invalid if within the sphere of its operation all persons subject to it are 'treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed.'"

See to the same effect *Ex parte Settle*, 114 Va. 715, 77 S. E. 496; *Polglaise* v. *Commonwealth*, 114 Va. 850, 76 S. E. 897; *Cole* v. *Commonwealth*, 169 Va. 868, 193 S. E. 517; and *Carpel* v. *Richmond*, 162 Va. 833, 175 S. E. 316.

█ This act applies not only to Elizabeth City county but to all other counties which measure up to its requirements. It is a general law and must be read in connection with other cognate general statutes. That is to say, the notice by publication required by Code, section 2743, is still necessary.

In the act of 1932 is this provision:

"Provided, that all laws enacted by boards of supervisors under authority of this act shall be submitted to and approved by the judge of the circuit court of the respective counties, after hearing testimony of all parties desiring to be heard to be taken as in common law cases, showing the necessity of such laws and police regulations, or in opposition thereto. * * *"

Before this ordinance can go into effect, the circuit judge of the county to which it applies must hear evidence "showing the necessity for such laws." The establishment of this necessity is for the judge to decide. Plainly this is legislation. The Legislature can no more delegate to a judge this power than it could delegate to him the power to decide upon the necessity for one of its own acts.

We have had occasion to consider this subject at some length in *Commonwealth* v. *Dodson*, 176 Va. 281, 11 S. E. (2d) 120. We were of opinion there, as we are of opinion here, that the legislative, judicial and executive departments of our State government are to be kept apart. Constitution of Virginia, sections 5 and 39. The only exception to this rule is that written into the Constitution itself.

An act may be unwise and unnecessary but with this courts have nothing to do.

We have seen that the judge by a *nunc pro tunc* order of March 14, 1940, declared that his judgment, approving of the ordinance under review, should take effect as of February 27, 1940. The office of such a judgment is to record some act of the court done at a former time which is not then carried into the record. A retroactive order of this character may be used to make the record speak the truth, but not to make it speak what had not been spoken, even though it ought to have been spoken.

On February 27, 1940, this case was not ready for the judgment afterwards entered. Evidence had not been concluded, and until that had been done, no proper judgment could have been reached. It follows that no judgment entered on March 14, 1940, could, by relation back, have taken effect on February 27, 1940. *Cox* v. *Hagan*, 125 Va. 656,

100 S. E. 666; 15 R. C. L. 622, and note in 4 Am. St. Rep., at pp. 828-830.

There are other assignments of error—eighteen in all. Those which we have considered dispose of this case. Further discussion is not necessary.

The statute is unconstitutional in that it confers legislative power upon the presiding judge; the ordinance is invalid because the publication required by statute, Code, section 2743, was not had; and the judgment is invalid because it dates back to a time when the court was not in position to enter any final order.

We may say in passing that when the Legislature spoke of population and its density, it had in mind dry land and not that which perchance lay under some arm of the Atlantic ocean.

For reasons stated, the conviction of the defendant must be set aside and final order of dismissal entered.

*Reversed and dismissed.*