STATE *ex rel.* HARRY DIERINGER

*v.*

CARL G. BACHMAN, *et al.*

(No. 10064)

Submitted April 20, 1948. Decided June 15, 1948.

*Everett F. Moore, Carl B. Galbraith* and *George H. Seibert, Jr.,* for relator.

*Charles P. Mead* and *George G. Bailey,* for respondents.

LOVINS, ·JUDGE:

The purpose of this original proceeding in mandamus is to compel the mayor and city manager of the City of

Wheeling to appoint a member of a civil service commission provided for in Section 2, Chapter 60, Acts of the Legislature, Regular Session, 1933. Relator, Harry Dieringer, is a member of the paid fire department of the City of Wheeling. Defendants, Carl G. Bachman and C. Hal Brues, are the mayor and city manager, respectively, of said city.

The legislative intent and purpose of Chapter 60, *id.*, is declared in Section 19 thereof, which reads, in part, as follows: "It is understood and intended by this act to furnish a complete and exclusive system for the appointment, promotion, reduction, removal and reinstatement of all officers, firemen or other employees of said fire departments in all cities and municipalities wherein the members of the fire department are paid." Generally, the other provisions of Chapter 60, excluding Section 20 thereof, which will be more fully discussed hereinafter, provide the means of accomplishing the legislative purpose so declared. Section 2 of said Chapter 60, provides, among other things, for the creation of a firemen's civil service commission, one member of which "shall be appointed by the mayor or principal executive officer" of the municipality to be served by such commission. It is the quoted portion of said Section 2 which relator is attempting to have enforced by this proceeding.

In *Prichard v. DeVan,* 114 W. Va. 509, 172 S. E. 711, it was held that the duty of appointing a member of the commission created by Section 2, Chapter 60, *id.,* is ministerial and could be enforced by mandamus. See *McLaughlin v. Morris,* 128 W. Va. 456, 460, 37 S. E. 2d 85. But since the petition herein, and the rule awarded thereon by this Court, seek to compel both the mayor and the manager of the City of Wheeling to make the appointment, it is proper first to determine which, if either, of those officers is empowered to make the appointment contemplated by said Section 2, even though the pleadings herein do not otherwise raise that question.

The charter powers of the City of Wheeling are conferred by Chapter 141, Acts of the Legislature, Regular

Session, 1935, and provide for what is known as a city manager form of government. Section 19, *id.*, provides for the office of mayor, but restricts the executive functions of such mayor to limited specific occasions and duties, none of which is pertinent to the question here considered. Section 25, *id.*, provides for the appointment of a city manager "* * * who shall be the chief executive and administrative officer of the city * * *." Sections 25 and 27, *id.*, grant to the manager the powers and duties which are ordinarily given to the principal executive officer of a municipality.

Thus, it is seen that in the City of Wheeling there are a "mayor" and a "principal executive officer", as referred to in Section 2, Chapter 60, Acts of the Legislature, Regular Session, 1933. Nevertheless, we do not believe that, because Section 2, Chapter 60, *id.*, used the word "or", the Legislature contemplated thereby that, in a city where the "mayor" and the "principal executive officer" are different persons, either one was competent to act thereunder. Such construction would result in an absurdity. Clearly, the Legislature intended that the principal executive officer of a city should make the appointment of the member to the commission thereby created; and the word "mayor" is added merely to designate the title which the principal executive officer usually bears in cities throughout the State. Accordingly, we hold that Carl G. Bachman, as mayor, is an unnecessary party to this proceeding.

There can be no dispute that, except for Section 20 thereof, Chapter 60, *id.*, is a general statute. Its provisions apply to all cities within this State having paid fire departments within the meaning thereof. But by Section 20, Chapter 60, *id.*, the Cities of Huntington, Parkersburg and Wheeling were excluded from its application. No amendments, pertinent to the questions here considered, have been made to Chapter 60, *id.*, since its enactment, except as to Section 20 thereof, which are detailed as follows:

Section 20, Chapter 60, *id.*, was first amended by Chap-

ter 79, Acts of the Legislature, Second Extraordinary Session, 1933, which was passed by the Legislature, and became effective, on January 23, 1934. Thereby the municipalities of Bluefield, Huntington, Parkersburg and Kenova were excluded from the operation of the other provisions of Chapter 60, Acts of the Legislature, Regular Session, 1933.

By Chapter 67, Acts of the Legislature, Regular Session, 1935, which was effective February 20, 1935, Section 20, id., was amended so that only the City of Parkersburg was excluded from the operation of the original statute and the civil service commission previously created for the City of Bluefield was abolished. It is doubtful that the title to Chapter 67, id., sufficiently expresses the object of the act as required by Section 30, Article VI, Constitution of West Virginia. However, determination of that question is unnecessary in this proceeding.

Chapter 173, Acts of the Legislature, 1939, effective March 4, 1939, excluded no municipality and specifically made the City of Parkersburg subject to the original statute in its entirety.

Effective March 6, 1947, the Legislature enacted Chapter 119, Acts, Regular Session, 1947, the title to which reads as follows: "AN ACT to amend and reenact section nineteen, article six-a, chapter eight of the code of West Virginia, one thousand nine hundred thirty-one, as last amended and reenacted by chapter one hundred seventy-three, acts of the Legislature, regular session, one thousand nine hundred thirty-nine, relating to civil service for members of paid fire department in the city of Wheeling." The only changes in Chapter 173, Acts of the Legislature, 1939, created by Chapter 119, Acts of the Legislature, Regular Session, 1947, are to the effect that specifically the City of Wheeling, as well as the City of Parkersburg, is made subject to the original statute in its entirety, and that such is true "notwithstanding any provisions of the corporate charter of either of said cities which may be in conflict" therewith.

It is to be here noted that in Chapter 119, *id.*, the title refers to the amendment and reenactment of Code, 8-6A. But the Official Code of 1931 has no Article 6A of Chapter 8, nor has the Legislature, by subsequent enactment, added an Article 6A to Chapter 8. Furthermore, Chapter 119, *id.*, refers to the section amended and reenacted as being Section 19, while all former enactments designate it as Section 20. It is apparent, however, that while the Legislature spoke of the Official Code of 1931, it was actually making reference to an unofficial codification entitled "West Virginia Code of 1943, Annotated." Therein Chapter 60, Acts of the Legislature, Regular Session, 1933, is published as Article 6A of Chapter 8, and Section 20 of the original statute is carried as Section 19, the publisher of said unofficial Code having consolidated Sections 15 and 16 of the original act into a single section.

Nevertheless, the ambiguity and such discrepancies and irregularities as may appear in the title to Chapter 119, Acts of the Legislature, Regular Session, 1947, are not fatal. The said chapter is saved by proper reference to Chapter 173, Acts of the Legislature, 1939, which, in turn, makes proper reference to the statute being amended and reenacted. We think that such reference meets the constitutional requirements for titles to legislative enactments as set forth in Section 30, Article VI, Constitution of West Virginia. See *Bent* v. *Weaver,* 108 W. Va. 299, 150 S. E. 738.

In the meantime, while such amendments were being made to Section 20, Chapter 60, Acts of the Legislature, Regular Session, 1933, the Legislature enacted Chapter 141, Acts, Regular Session, 1935, which, as heretofore stated, constituted the charter of the City of Wheeling and was effective by its provisions July 1, 1935. Under the provisions of Section 53 of said charter, the Council of the City of Wheeling was authorized to create, by ordinance, a local civil service commission applicable to that city's fire and police departments and to all employees in the administrative services of the city. The Wheeling city council did enact such an ordinance, which, being enacted pursuant to a statute subsequent in point of time to

Chapter 60, Acts of the Legislature, Regular Session, 1933, and to all amendments thereto except Chapter 173, Acts of the Legislature, 1939, and Chapter 119, Acts of the Legislature, Regular Session, 1947, was held to supersede the provisions of Chapter 60, *id., Ebbert* v. *Tucker,* 123 W. Va. 385, 15 S. E. 2d 583.

The Constitution of West Virginia was amended by adding Section 39-(a) to Article VI thereof, which amendment was ratified at the general election held November 3, 1936. The amendment provides, among other things: "No local or special law shall hereafter be passed incorporating cities, towns or villages, or amending their charters."

Relator contends that inasmuch as Chapter 119, Acts of the Legislature, Regular Session, 1947, specifically made the City of Wheeling subject to the provisions of Chapter 60, Acts of the Legislature, Regular Session, 1933, the decision of this Court in *Ebbert* v. *Tucker, supra,* is no longer applicable. On the other hand, the defendants, demurring to relator's petition, contend that said Chapter 119 is a special or local law, and is void as contravening Section 39-(a), Article VI of the Constitution of West Virginia. Thus, the sole question for decision in this proceeding is whether said Chapter 119 is a special or general statute.

Before discussing this question, it should be pointed out that although it could have been raised in *Ebbert* v. *Tucker, supra,* which was decided in 1941, by considering the same question with reference to Chapter 173, Acts of the Legislature, 1939, it was not. At least this Court, in its opinion, did not consider the effect of Section 39-(a), Article VI of the Constitution of West Virginia upon said Chapter 173, nor was any mention or reference made therein either to the 1939 statute or the 1936 constitutional amendment. But the effect of the 1939 enactment is identical with that of the 1947 enactment, and, should the 1947 act be declared unconstitutional as contravening Section 39-(a), Article VI, Constitution of West Virginia, for the same reason the 1939 act must also be declared

unconstitutional. Otherwise the 1939 act would remain in full force and effect. *Whitlock* v. *Hawkins* (Va.), 53 S. E. 401. Accordingly, we shall hereinafter treat both the 1939 enactment and the 1947 enactment in the same manner as bearing on the question stated above.

As has been pointed out, the first nineteen sections of Chapter 60, *id.,* can be considered only as general legislation. But an enactment of the Legislature can be in part general and in part special. *Rickey* v. *Sims,* 122 W. Va. 29, 7 S. E. 2d 54; *Groves* v. *County Court,* 42 W. Va. 587, 26 S. E. 460. Section 20 of Chapter 60, *id.,* as originally enacted and as amended by the Legislature in 1934 and again in 1935, merely excluded certain listed cities from the general effect of Chapter 60, *id.,* and the exclusionary effect of Section 20, until amended in 1939, pertained only to cities specifically listed therein. Thus, Section 20, prior to the amendments of 1939 and 1947, was clearly a special statute. *Ebbert* v. *Tucker, supra,* determines the inapplicability of Chapter 60, *id.,* to the City of Wheeling, as it existed prior to the 1939 and 1947 amendments. But was the enactment of 1947, amending the 1939 amendment, a special act, or did it merely remove the effect of Section 20, so as to make Chapter 60, *id.,* general in its entirety?

There are many tests to determine whether a statute is special or general. If the statute passed by the Legislature applies throughout the State and to all persons within a specified class, and such classification is rational and is not arbitrary or unreasonable, the statute is general. On the contrary a law "* * * is special in a constitutional sense when by force of an inherent limitation it arbitrarily separates some persons, places, or things from those upon which, but for such separation, it would operate." *Budd* v. *Hancock* (N. J. L.), 48 A. 1023; *Farmer* v. *Christian* (Va.), 152 S. E. 382.

It is the operation and effect of the law which calls for its classification in a general or special category, and if the law operates alike on all persons and property similarly situated, there is no objection to it on constitutional

grounds as a special law. *Bent* v. *Weaver, supra.* The effect and not the form of the law governs its classification, and although it may be written so as to appear to be a general law, if it operates only upon a single person or a single piece of property, or a single local situation, it is a special law. *Groves* v. *County Court, supra.*

Applying these tests to Chapter 119, Acts of the Legislature, Regular Session, 1947, as well as to Chapter 173, Acts of the Legislature, 1939, we are of the opinion that said acts are special. The title to the 1939 act recites that it relates to the City of Parkersburg, while the title to the 1947 act specifies only that it relates to the City of Wheeling. The body of each act recites the names of specified cities, and the 1947 act implicitly attempts to nullify Section 53 of the corporate charter of the City of Wheeling by stating that the 1947 act applies notwithstanding any provision of the charter of either of the cities in conflict therewith. No attempt having been made to couch either of said acts in language of a general nature, their purpose and application are plain. From its first enactment Section 20 of Chapter 60, *id.,* was a special statute incorporated in a general act, as hereinbefore stated. The enactments of 1939 and 1947 amounted to amendments and reenactments of a special or local statute and by their terms related only to two specified municipalities.

Chapter 119, Acts of the Legislature, Regular Session, 1947, as well as Chapter 173, Acts of the Legislature, 1939, being special acts, are in contravention of Section 39-(a), Article VI of the Constitution of West Virginia, and are void. Accordingly, the writ prayed for is denied.

*Writ denied.*