STATE *ex rel.* THE COUNTY COURT OF CABELL COUNTY *etc.*

*v.*

G. THOMAS BATTLE, AS STATE TAX COMMISSIONER *etc.*

(No. 12240)

STATE *ex rel.* THE COUNTY COURT OF WYOMING COUNTY *etc.*

*v.*

G. THOMAS BATTLE, AS STATE TAX COMMISSIONER *etc.*

(No. 12241)

Submitted June 4, 1963.          Decided July 9, 1963.

842

*H. L. Ducker, D. Grove Moler, Robert Bailey,* for relators.

*C. Donald Robertson,* Attorney General, *J. Patrick Bower,* Assistant Attorney General, for respondent.

BERRY, PRESIDENT:

These two mandamus proceedings, instituted under the original jurisdiction of this Court, were consolidated for disposition because the issue in both cases is identical. The object of these proceedings is to compel the State Tax Commissioner, G. Thomas Battle, hereinafter referred to as the Commissioner, to approve an item in the Levy Estimate, or budget, of the County Court of Cabell County in the sum of $4,000 as additional compensation for the Judge of the Sixth Judicial Circuit, and an item in the Levy Estimate, or budget, of the County Court of Wyoming County in the amount of $3,000 as additional compensation for the Judge of the Twenty-seventh Judicial Circuit. The County Court of Cabell County and the County Court of Wyoming County will be hereinafter referred to as petitioners.

The State Tax Commissioner refused to approve such items in the Levy Estimates because of two provisions contained in Senate Bill No. 110 which was passed by the 1963 Legislature which amended Code 6-7-4. This Act which was passed by both Houses of the Legislature on the last day of the 1963 Session, and under which the controversy in these two proceedings arose, reads as follows:

"The salaries of the judges of the circuit courts shall be paid out of the state treasury and shall, unless otherwise provided by law, be in the following annual amounts:

"(1) In circuits having more than one hundred thousand population, fourteen thousand dollars;

"(2) In circuits having less than one hundred thousand population, twelve thousand five hundred dollars.

"Any county court or board of commissioners of Ohio county may pay the judge of the circuit court additional compensation, but the salary and additional compensation or combined contribution of the several county courts and board of commissioners shall not exceed twenty thousand dollars.

"The population shall be according to the United States census, or the estimate of the United States bureau of census, as certified to the state auditor by the United States director of the census last preceding the beginning of the calendar year in which salary is payable.

"The county court of Wyoming county may pay the judge of the twenty-seventh judicial circuit additional compensation, but such additional compensation shall not exceed one thousand five hundred dollars annually.

"The county court of Cabell county may pay the judge of the sixth judicial circuit additional compensation, but such additional compensation shall not exceed two thousand dollars annually."

It will be noted that the salaries of the various judges of the circuit courts in the state, by this Act, are placed in two broad or general classifications, those circuits in which the population is more than one hundred thousand are to be

paid a basic salary by the state in the amount of $14,000; those circuits with a population of less than one hundred thousand are to be paid a basic salary of $12,500 by the state. The Act further provides that additional compensation may be paid to the various judges of the circuit courts of this state by the county courts or board of commissioners of the counties located in the various circuits. This basis for the payment of salaries and additional compensation is applicable to all circuit judges in the State of West Virginia, with the exception of the Judge of the Circuit Court of Wyoming County which is the Twenty-seventh Circuit and the Judge of the Circuit Court of Cabell County which is the Sixth Judicial Circuit. The exception of these two Judicial Circuits from the rest of the circuits of the state is by virtue of the last two paragraphs of the Legislative Act wherein additional compensation to be paid to the Judge of the Twenty-seventh Judicial Circuit is limited to $1500 annually, and additional compensation to be paid to the judge of the Sixth Judicial Circuit is limited to $2000. These two Circuits are the only ones excepted by the general provisions of the Legislative Act quoted above.

It is the contention of the petitioners that the last two paragraphs of the Legislative Act in question, wherein the Sixth and Twenty-seventh Judicial Circuits are singled out from the others in West Virginia and excepted from the other provisions of the Act are special laws, in violation of Article VI, Section 39 of the Constitution of West Virginia, and that the Commissioner should therefore be required to approve the 1963-1964 Levy Estimates of the petitioners in connection therewith. Article VI, Section 39 of the Constitution of West Virginia lists eighteen specific matters on which the Legislature cannot enact local or special laws and further provides that the Legislature shall not pass a special Act where a general law would be proper and applicable to such matter.

The Commissioner filed an answer and a demurrer to the petition after a rule to show cause was granted by this Court. Both the answer and demurrer contend that Senate Bill No. 110, the Legislative Act in question, is either a special law,

which would be proper under Article VI, Section 39 of the Constitution of West Virginia, or that it is a general law, which is unconstitutional insofar as it allows any additional compensation to be paid by the counties. The reasons relied upon by the Commissioner for the unconstitutionality of the Act are that it infringes upon the separation of the powers contained in Article V, Section 1 of the Constitution of West Virginia by providing that county courts can set salaries of state officers, that it is in violation of Article IV, Section 8 of the Constitution of West Virginia which provides that the Legislature shall prescribe, by general laws, compensation of all public officers, and also that the Act results in inequities and non-uniformity of payment to circuit judges in that the additional compensation paid by the counties is not in proportion to the amount of work or duties performed by the judges in the various judicial circuits, and does not provide for reasonable classification.

This is a question of first impression in this state, although the Legislature has provided off and on over a period of more than sixty years for additional compensation to be paid to the circuit judges in this state by the county courts or board of commissioners. The Constitution of 1872 provided that Ohio County could pay an additional sum to the judges of the circuit court thereof. Until the Judicial Amendment of 1902 the salaries of judges of the circuit courts were fixed by the Constitution, but after this Judicial Amendment the Constitution provided that: "The judges of the Supreme Court of Appeals and of the circuit courts shall receive such salaries as shall be fixed by law, for those now in or those hereafter to come into office." Article VIII, Section 2, Constitution of West Virginia, as amended in 1902.

From 1909 to 1919 acts were passed by the Legislature providing that the county courts of the various counties where the population was more than a certain number of people could pay an additional amount to the circuit judges of such counties not to exceed a certain limit set by the various acts, but in 1919 the Legislature increased the salaries of all the circuit judges to be paid by the state, and in the same

act provided that after July 1, 1919 no circuit judge could be paid any additional compensation by any county, and all acts inconsistent therewith were repealed. This remained the law for several years, but in 1925 certain counties were allowed to supplement the pay of circuit judges again, and from 1927 to 1957 the county courts were permitted or required to pay additional compensation or supplement the salaries of the circuit judges, at first based on the population of the county or circuit but later without regard to size; and the amount of total state and county compensation was periodically increased.

We are not concerned in this proceeding with the advisability or ethical situation with regard to the county courts supplementing the salaries of the circuit judges. We are concerned only with the legal aspects as to whether or not it can be legally done. However, it would be much better for all concerned if the Legislature would provide an adequate salary to be paid to all circuit judges in this state out of the state treasury or by the state and not provide for the various counties to supplement the salaries of the circuit judges if they so desire, in order that the circuit judges may be adequately paid. If this was done, questions such as are raised in this case would not be presented to this Court, and criticism could not be directed to the circuit courts for receiving additional compensation from the county courts in some instances.

It is true that the power granted to the Legislature by the Constitution to prescribe or fix salaries in Article IV, Section 8 and Article VIII, Section 2, as amended, cannot be delegated, but local authorities or governmental subdivisions such as county courts may be authorized to supplement the salaries. 48 C.J.S., Judges, Section 36, at page 993; State ex rel. Simmons v. Lee, 119 Fla. 745, 160 So. 886; In Re Salary of Superior Court Judges, 82 Wash. 623, 144 P. 929; Bell v. Crum, 188 Okla. 67, 106 P. 2d 518.

In the Oklahoma case of Bell v. Crum, supra, and in an earlier case of Herndon v. Anderson, 165 Okla. 104, 25 P. 2d 326, the cases dealing with the matter of county courts supplementing the salaries of judges are collected; and such

arrangements have been held to be constitutional in the States of Washington, Minnesota, Texas, Wisconsin, Oklahoma, Alabama and Florida, but in the States of Georgia, Tennessee and Arkansas they have been held to be unconstitutional. However, the constitutional provisions or the laws of the latter three states upon which the cases have been decided were entirely different from those governing the cases in the other states and the case at bar, because of stringent constitutional provisions concerning the source of the judicial salary or lack of power of the legislature over county fiscal affairs. It might be noted in this connection that the West Virginia Constitution, Article VIII, Section 24, relating to powers of county courts, provides that county courts shall have authority over fiscal affairs of the county and over county disbursements "under such regulations as may be prescribed by law", indicating considerable retention of power over counties by the legislature.

The Commissioner contends that additional compensation paid by the counties is not equal and adequate compensation, based upon some reasonable classification, as indicated by his records. No evidence was taken by the parties in this case and the Commissioner's records are not part of the record of this case in this Court. We cannot consider anything not contained in the record in the disposition of this or any other case in this Court unless it is a matter for invoking judicial knowledge. It has been held that the classification by population with regard to additional compensation to be paid to the circuit judges is a reasonable classification. *State ex rel. Simmons* v. *Lee,* 119 Fla. 745, 160 So. 886; *Bell* v. *Crum,* 188 Okla. 67, 106 P. 2d 518.

The Legislative Act in question in this case, as far as it applies to all circuit judges in the state but placing them in two classifications, one in circuits containing over one hundred thousand in population and one containing less than one hundred thousand in population, is a reasonable classification. Therefore, the statute is general insofar as it applies to these two classifications. 82 C.J.S., Statutes, Section 154; 50 Am. Jur., Statutes, Section 55; *State ex rel Dieringer* v. *Bachman,* 131 W. Va. 562, 48 S. E. 2d 420. However, the

last two paragraphs of the Legislative Act in question separate and exclude the Sixth and Twenty-seventh judicial circuits from all the other circuits in West Virginia, and are therefore clearly special legislation as to these judicial circuits within the statute or act which is a general law as to all other judicial circuits. No reasonable basis is set out in the statute for these two exclusions and the inclusion of the last two paragraphs of the Act appears arbitrary. *State ex rel Rickey* v. *Sims,* 122 W. Va. 29, 7 S. E. 2d 54; *State ex rel Dieringer* v. *Bachman,* 131 W. Va. 562, 48 S. E. 2d 420; *State ex rel Dillon* v. *Braxton County Court,* 60 W. Va. 339, 55 S. E. 382; *Gandee* v. *Elizabeth City County,* 179 Va. 340, 19 S. E. 2d 97; *County Board of Supervisors of Fairfax County* v. *American Trailer Co.,* 193 Va. 72, 68 S. E. 2d 115.

An act does not become special merely because it applies to a class only, provided the classification is reasonable and not arbitrary. It still remains a general law even though the class is a small one, particularly where the law applies to the class throughout the state. In other words, while certain special acts are constitutionally prohibited in most states, classification is not. This problem of a reasonable classification occurs most frequently in connection with the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. 4 M. J., Constitutional Law, Section 127.

As heretofore stated, under Article VI, Section 39 of the Constitution of West Virginia eighteen specific matters are designated for which special laws in relation thereto are prohibited, and in addition a special act may not be passed where a general law would be proper and can be made applicable to the case. The legislature is generally the judge of such matters. *Woodall* v. *Darst,* 71 W. Va. 350, 77 S. E. 264; *Kanawha County Public Library* v. *County Court of Kanawha County,* 143 W. Va. 385, 102 S. E. 2d 712. The *Kanawha County Public Library* case collects and refers to various cases decided by this Court wherein special or local laws have been upheld in matters where they do not violate the provisions of the constitution. In such cases, if a reasonable necessity for a special or local law is appar-

ent or is indicated in the statute, it will be presumed that the legislature properly considered the matter, and the courts will not disturb such legislation. However, none of the cases concerned with special or local laws referred to herein have dealt with compensation or salaries of public officers such as are involved in the instant case, and under the several provisions of the Constitution of West Virginia found in Article VI, Section 39 and Article IV, Section 8, it is necessary that such laws be of a general nature.

It has been specifically held by this Court that a statute passed by the legislature can be subdivided so one part is general and one part special and that the part that is construed to be a general law may be valid and that part which is special invalid. *State ex rel Dillon* v. *Braxton County Court,* 60 W. Va. 339, 55 S. E. 382; *State ex rel Rickey* v. *Sims,* 122 W. Va. 29, 7 S. E. 2d 54; *The County Court of Raleigh County* v. *Painter,* 123 W. Va. 415, 15 S. E. 2d 396; *American Barge Line Co.* v. *Koontz,* 136 W. Va. 747, 68 S. E. 2d 56.

In the *Dillon* case this Court held in the sixth point of the syllabus that: "A legislative act, containing an illegal exception, is not vitiated by the exception, on the ground of want of generality, if, upon the elimination thereof, what remains is in such condition that, had it been so enacted originally, it would have been a complete and general law." We therefore hold under the provisions of the Constitution of this State and the authorities relative thereto that the Act in question, with the last two paragraphs deleted therefrom, is a general law and contains a reasonable classification for payment of salaries and additional compensation to the various judges of the judicial circuits in the State of West Virginia, and is a valid legislative enactment pertaining thereto, but that the last two paragraphs are special laws, without any reasonable justification therefor, which violate the constitutional provisions relative thereto, and are therefore unconstitutional.

The writ prayed for is therefore awarded and the State Tax Commissioner is directed to approve the items contained in petitioners' Levy Estimates relative to the pay-

ment of additional compensation to the Judges of the Sixth and Twenty-seventh Judicial Circuits.

*Writ awarded.*