## CIRCUIT COURT OF FAIRFAX COUNTY

Robert A. Lauffer

v.

Lorraine T. Lauffer

Case No. (Chancery) 115351

By JUDGE ROSEMARIE ANNUNZIATA

March 15, 1991

On March 1, 1991, counsel appeared before the Court for argument regarding the defendant's motion for equitable distribution of the parties' marital property and for spousal support filed on February 26, 1991. The complainant also moved on March 1, 1990, for entry of an order awarding the complainant $1,633.00 for costs and an additional $500.00 for attorney's fees incurred by the complainant as a result of a second commissioner's hearing in this matter. Complainant's counsel submitted the draft order pursuant to a decree entered by Judge Plummer on June 8, 1990, which provided that the defendant would be required to reimburse the complainant for the costs of a second commissioner's hearing if the Court ultimately awarded the complainant a divorce. The Court took the motions under advisement to determine whether the Court retained jurisdiction to determine these issues.

A final decree of divorce was awarded to the complainant by this Court on September 17, 1990. The issues of equitable distribution and spousal support were not adjudicated prior to the entry of the final decree and the parties did not seek to have the Court reserve its jurisdiction to determine these matters. In addition, the complainant

did not seek an award of a specific amount of attorney's fees and costs incurred by the complainant as a result of the second commissioner's hearing in the final decree, and the Court did not reserve its jurisdiction to make such an award.

Defendant's counsel filed a motion to vacate the final decree on September 25, 1990, and counsel appeared before Judge Jamborsky on September 28, 1990, for argument. On February 5, 1991, the Court entered an order denying the defendant's motion to vacate the final decree. However, the Court did not enter an order vacating or suspending the final decree within twenty-one days after entry of the final decree. In the absence of such an order, the decree became final upon the expiration of the twenty-one day period. Supreme Court Rule 1:1; *School Board v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1987). "Neither the filing of post-judgment motions nor the court's taking such motions under consideration, nor the pendency of such motions tolls or extends the running of the twenty-one-day period prescribed by Rule 1:1 . . . ." *Id.* (citing *Harvey v. Telephone Co.*, 198 Va. 213, 218 (1956); *Lyle & Allen v. Ekleberry*, 209 Va. 349, 350-351 (1968)).

The jurisdiction of this Court to award equitable distribution and spousal support ceased when the divorce decree became final. Supreme Court Rule 1:1. The Court no longer has subject matter jurisdiction to award equitable distribution to the parties upon the expiration of twenty-one days after entry of the final decree unless the Court expressly reserves its jurisdiction over this issue in the final decree. *Parra v. Parra*, 1 Va. App. 118, 127 (1985). Similarly, the parties are precluded from seeking spousal support after entry of the final decree and the expiration of the twenty-one day period unless the Court has clearly and expressly reserved its jurisdiction over the matter in the final decree. *Perry v. Perry*, 202 Va. 849, 853 (1961). Since the Court's jurisdiction was not reserved in the final decree in the present case, the defendant's motions for equitable distribution and for spousal support are denied.

In addition this Court does not have jurisdiction to enter an order awarding the complainant a specific amount of attorney's fees and costs incurred in the second commissioner's hearing. The Court is without jurisdiction

to enter further orders once the case has been finally disposed of, unless the order may be entered *nunc pro tunc.* Rule 1:1; *Duncan v. Carson,* 127 Va. 306, 328-329 (1920). It is well-settled that a *nunc pro tunc* order is proper only where it is used to reflect an actual decision of the court prior to the final disposition of the case which was not reduced to writing through oversight, inadvertence, or as a result of a clerical error. *Id.*; Va. Code § 8.01-428(B) (1984); *Council v. Commonwealth,* 198 Va. 288, 292-293 (1956); *Gandy v. Elizabeth City County,* 179 Va. 340, 346 (1942); *School Board,* 237 Va. at 556. However, a *nunc pro tunc* order may not be used "to create a fiction that an act not yet performed has already occurred." *Holley v. City of Newport News,* 6 Va. App. 567, 568 (1988). Since this Court did not order the defendant to pay a specific amount of attorney's fees and costs before the decree of divorce became final, the Court is without jurisdiction to enter an order at this time.

## April 9, 1991

The matter under advisement is complainant's motion to reconsider the ruling contained in my letter dated March 15, 1991. I have reviewed the pleadings and arguments of counsel, as well as the relevant case law and have determined that the motion should be granted in part and denied in part.

On the 8th of June, 1990, Judge William G. Plummer of this Court entered an order in which the defendant, Lorraine T. Lauffer, was ordered to pay costs and fees of the second commissioner's hearing in the event the complainant, Robert A. Lauffer, was granted a divorce in this action. In my opinion, no further action of the court is necessary to bring Mrs. Lauffer within the reach of the June 8, 1990, order, except the fulfillment of the condition stated, *viz.,* that Mr. Lauffer be granted a divorce. Mr. Lauffer has been granted a divorce in this matter. Thus, Mrs. Lauffer is responsible for the payment of costs and fees of the second hearing upon submission of the amounts to her.

With respect to the motion for attorneys' fees, however, it is my view that the court lost jurisdiction twenty-one days after the final decree of divorce was

entered on the 17th day of September, 1990. Accordingly, as stated in my earlier letter, the court being without jurisdiction, no attorneys' fees in this cause will be awarded.