## CIRCUIT COURT OF FAIRFAX COUNTY

Addicott Hills Corp.

v.

Kenneth Leon et al.

December 7, 1992

Case No. (Law) 93990

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on a Motion for Reconsideration filed by John E. Harrison and Harrison, Golden & Hughes, P.C. The motion requested reconsideration of this Court's ruling of June 7, 1991, which awarded sanctions against Mr. Harrison and the above mentioned firm. For the reasons set forth below, the motion to reconsider is granted. The proposed order awarding sanctions, submitted by counsel for the defendants on July 13, 1992, will not be entered by the Court.

This litigation resulted from an alleged breach of a settlement agreement. Suit was filed in early November of 1989, and a year of discovery disputes followed. This Court entered summary judgment on behalf of the defendants on June 7, 1991. At the June 7th hearing, the Court also granted a motion for sanctions, setting a later date for proof of damages.

The order presented to the Court for entry on June 7th, and signed on that date, granted summary judgment only. No mention was made of sanctions. Counsel for defendants never memorialized the Court's granting of the motion for sanctions during oral argument on the seventh of June. The summary judgment order entered by the court became final twenty-one days after entry, on June 28th, pursuant to Rule 1:1 of the Virginia Supreme Court. John E. Harrison and the firm of Harrison, Golden & Hughes, P.C., have asked the Court to reconsider the granting of sanctions. Because jurisdiction of the Court over the this matter ended on June 28th, and no order memori-

alizing the award of sanctions was ever entered, the motion to reconsider is granted. The order submitted by counsel for Barbara Leon and Kenneth Leon will not be entered, this Court no longer having the power to do so.

Defendants Kenneth Leon and Barbara Leon argue that this Court retained jurisdiction over the sanctions issue because the motion for sanctions was granted verbally at the June 7th hearing. Counsel has suggested use of a *nunc pro tunc* order "clarifying the rulings of June 7," and cites *Lauffer v. Lauffer*, 23 Va. Cir. 278 (1991), to support use of such an order. A careful reading of that case, however, demonstrates that the order submitted by counsel cannot be entered in the instant case, nor can a *nunc pro tunc* order be used as a remedy.

In *Lauffer*, a party sought equitable distribution and spousal support more than twenty-one days after entry of a final divorce decree. *Id.* The complainant in *Lauffer* also sought attorney's fees and costs pursuant to an earlier decree which "provided that the defendant would be required to reimburse the complainant for the costs . . . if the court ultimately awarded the complainant a divorce." *Id.* at 278. Notwithstanding this earlier order, Judge Annunziata did not enter the award for fees and costs, pointing out that "[s]ince this Court did not order the defendant to pay a specific amount of attorney's fees and costs before the decree of divorce became final, the Court is without jurisdiction to enter an order at this time." *Id.* at 280. In the instant case, the Court also did not order payment of a specific sum within twenty-one days from the entry of the decree, and the finality of that order removes the jurisdiction of the Court to enter further orders at this time.

*Lauffer* and the authorities underlying it make clear that a reservation of jurisdiction must be properly made within the final decree. *Id.* at 279. *See also, Parra v. Parra*, 1 Va. App. 118, 127 (1985) (citing *Brinn v. Brinn*, 147 Va. 277, 137 S.E. 503 (1927)). The *Parra* court noted that a court may make or change an award of alimony "by the proper reservation of such power *in the divorce decree*." *Id.* (emphasis added). The court also noted that "there is nothing in the *Brinn* analysis of inherent equitable powers which limits its operation to alimony alone." *Id.* The Court concludes that had the reservation of sanctions been memorialized in the June 7, 1991, order, it could consider the award of sanctions. There is, however, no basis for the exercise of the Court's jurisdiction absent such a reservation.

*See, Anderson v. Busman*, 26 Va. Cir. 26 (Va. 1991) (holding that Court lacked power to award sanctions after twenty-one days even though a motion to continue the hearing on the sanctions motion was granted before the twenty-one days had elapsed).

Applying the analysis to the issue at hand, the Court has concluded that its jurisdiction over this matter ended on June 28th, twenty-one days from the entry of summary judgment. Accordingly, no order for sanctions will be entered. The case is dismissed.