18563

STATE *ex rel.* O. Frank THORNTON, Secretary of State, Plaintiff, v. W. W. WANNAMAKER, Jr., Harry S. Dent, Chairman, the South Carolina Republican Party, and Earle E. Morris, Chairman, the Democratic Party of South Carolina, Defendants.

(150 S. E. (2d) 607)

*Fletcher C. Mann, Esq.,* of Greenville, *for Defendants,*

*Daniel R. McLeod, Esq., Attorney General,* of Columbia, *for Plaintiff,*

*Fletcher C. Mann, Esq.,* of Greenville, *for Defendants, in reply,*

Order October 5, 1966.

Opinion Filed October 13, 1966.

## ORDER

*Per Curiam:*

This matter is before us for a declaratory judgment and the sole justiciable issue involved is whether the defendant Wannamaker has the right to have his name printed on the official ballot for the 1966 General Election as a candidate for State Treasurer, not as a Party Candidate, but a nominee by petition. After carefully considering the authorities cited in the briefs, which have been filed in advance, and hearing the oral arguments, we have concluded that he has no such right under the Constitution and Statutory Laws of the State of South Carolina;

And it is so ordered.

In view of the time element involved, the decision of the Court is being filed at this time. A full opinion will be filed in due course, and jurisdiction is retained for such purpose.

## OPINION

*Per Curiam:*

This action for declaratory judgment was instituted, by permission, in the original jurisdiction of the Court and involves a determination of the right of the defendant, W. W. Wannamaker, Jr., to have his name printed on the ballot, by petition, as a candidate for Treasurer of the State of South Carolina, in the General Election to be held on November 8, 1966. After hearing arguments on October 5, 1966, we filed an order holding that the defendant Wannamaker had no such right, and announced that a full opinion would be filed in due course. The reasons for our decision follow.

The plaintiff is the Secretary of State of South Carolina and, as such, has the statutory duty to have the ballots for the State offices printed for the General Election and

to place thereon the names of all eligible candidates. Sections 23-309 through 23-313, 1962 Code of Laws. The defendants, Harry S. Dent and Earle E. Morris, are made parties in their capacities as Chairmen, respectively, of the South Carolina Republican party and the Democratic party of South Carolina, the only political parties certified as such under the laws of this State.

The term of office of State Treasurer of South Carolina expires on the third Tuesday in January 1967, by virtue of Article IV, Section 2, of the Constitution of this State, and Section 1-111, 1962 Code of Laws, enacted pursuant to such Constitutional provision; and is one of the offices required to be filled in the General Election to be held on November 8, 1966, Section 23-302, 1962 Code of Laws.

The office of State Treasurer has been held for many years by the late and esteemed Jeff B. Bates, and he was the duly certified nominee of the Democratic party in the General Election for the term beginning on the third Tuesday in January 1967. He, admittedly, was the only candidate certified by any political party, or by petition, for the office. Mr. Bates, however, died on August 17, 1966, leaving a vacancy in the Democratic nomination and a vacancy in the office of Treasurer.

The vacancy in the office of State Treasurer was filled by appointment of the Governor pursuant to the provisions of Sections 1-2 and 1-122 of the 1962 Code of Laws.

The Democratic party subsequently certified a candidate to the plaintiff to fill the vacancy in its nomination caused by the death of Mr. Bates; and the defendant Wannamaker filed a petition with the plaintiff on September 8, 1966, signed by at least ten thousand qualified electors, seeking to have the name of Mr. Wannamaker also placed on the ballot as a candidate for State Treasurer. No question was, or is now, raised as to the right of the Democratic party to fill the vacancy in its nomination and to have the name of its nominee placed upon the ballot. The plaintiff, however,

relying upon an opinion by the Attorney General, rejected the petition of Mr. Wannamaker on the ground that it was not timely filed in accordance with the statutes of this State governing the filing of such petitions. In view of the contentions of Mr. Wannamaker thereabout and in order to assure the proper and orderly conduct of the General Election, the plaintiff subsequently brought this action for a determination of the right of Mr. Wannamaker to have his name printed on the ballot as a candidate for State Treasurer.

While the chairmen of the Republican and Democratic parties are joined in this action, neither party is legally involved in this controversy, since no question is raised as to the right of the Democratic party to have the name of its nominee prnted on the official ballot and the Republician party has not nominated a candidate for the office. Therefore, the issues before us relate only to the right of the defendant Wannamaker to have his name placed on the official ballot by petition. The decision of that question turns upon whether his nominating petition was timely filed.

Article 2, Section 8, of the Constitution of this State provides that the "General Assembly * * * shall prescribe the manner of holding elections and of ascertaining the results of the same."

The foregoing constitutional mandate authorized the General Assembly to enact reasonable legislation governing the holding of elections in this State, including the requirements which must be met to have the name of a candidate printed on the ballot for the General Election; and the right of any person to have his name printed on the General Election ballot as a candidate is controlled by the conditions imposed by such statutes. If an official ballot is used, it is absolutely necessary that some regulations be imposed as to the time for filing nominations of candidates to appear thereon. To hold otherwise would be tantamount to eliminating the use of a printed ballot.

The statutes of this State prescribe the methods whereby a candidate may have his or her name printed on the ballot for the General Election. In the case of a State office, one is by certification to the Secretary of State as the candidate of a certified political party, pursuant to party primary or convention, Section 23-312, 1962 Code of Laws; and the other is upon petition of at least ten thousand qualified electors, Section 23-313, 1962 Code of Laws. In either event, the statutes set forth time limits for certification of such nominations to the Secretary of State in order to have the name printed on the ballot.

The time limitations for filing nominating petitions for State offices are found in Section 23-313, 1962 Code of Laws, and the amendments thereto, 1965 Supplement to Code. Prior to its amendment in 1964, Section 23-313 provided, with reference to the time for filing nominating petitions, as follows:

"Other candidates for one or more of such offices shall be placed upon the ballot upon the filing with such officer (Secretary of State), * * *, at least nintey days prior to the date of the holding of the election, of a petition or petitions nominating such candidates signed by registered electors as follows: * * *."

However, the foregoing statute was amended in 1964 by substituting, in the place of the ninety day filing limitation, a provision requiring that nominating petitions for State offices be filed with the Secretary of State "not later than the date and time fixed for the closing of primary entries." The time for the closing of primary entries is fixed by Section 23-372 as the two weeks' period following the convening of the party State Conventions, and Section 23-262 requires that such State Conventions shall be held every general election year during the month of March.

The defendant Wannamaker has attacked the constitutionality of the 1964 amendment to Section 23-313 upon several grounds which need not be stated.

428

Citation of authority is unnecessary for the well settled rule that this Court will not pass upon the constitutionality of a statute unless necessary to a decision of the case.

Application of the foregoing rule precludes a determination of the constitutional issues raised in this case. For, assuming the unconstitutionality of the 1964 amendment, under an equally well established legal principle, Section 23-313, as it originally stood before amendment, would continue in effect and require the filing of a nominating petition for State Treasurer at least ninety days before the election. Admittedly, the petition of the defendant Wannamaker was not timely filed under either the original statute or the 1964 amendment.

The general rule, holding that an original act remains in effect when an amendment thereto is unconstitutional, is set forth in 16 Am. Jur. (2d), Constitutional Law, Sections 184 and 185; 16 C. J. S., Constitutional Law, § 101; and applied in the South Carolina case of *Barringer v. City Council of Florence,* 41 S. C. 501, 19 S. E. 745. In the citation in C. J. S., it is thus stated at page 473:

"Where a statute has been held unconstitutional, such statute does not affect, modify, or supersede a valid statute, and cannot be legally inconsistent with a valid statute. So, the result of holding a statute unconstitutional is to reinstate a prior statute on the same subject which had been replaced." And at page 474:

"The effect of an unconstitutional amendment is to leave the statute in force as it existed prior to the adoption of the amendment."

It is contended however that, in any event, the statutory time limit for filing nominations by petition are inapplicable to the election to be held on November 8th to fill the office of State Treasurer. This is based on the premise that the statutes regulating the holding

of a General Election have reference and apply only to an election to fill a term of office; and that, due to the death of Mr. Bates prior to the expiration of his term of office, the election on November 8th becomes in fact one to fill a *vacancy* in said office and not to fill a *term* of office as contemplated by the statutes.

The election to be held on November 8th is clearly one to fill a term of office for State Treasurer and the Statutes prescribing the time limit for filing a nomination by petition are applicable and govern the conduct of such election.

Article IV, Section 2, of the Constitution of this State specifically authorizes the General Assembly to fix the time for the commencement of the term of office of the Governor and other executive officers elected in the General Election, including that of State Treasurer. By Section 1-111, 1962 Code of Laws, the General Assembly has fixed the time for the qualification of such elective officers, and the commencement of their respective terms, as the third Tuesday in January, following such General Election. This is a reasonable exercise of the power granted to the General Assembly.

General elections for State officers are required to be held during General Election years beginning in 1962. Section 23-302, 1962 Code of Laws. Mr. Bates was elected in the General Election held in 1962 for a four year term commencing on the third Tuesday in January 1963. The term of office to which Mr. Bates was elected therefore expires on the third Tuesday in January 1967.

The method of filling an unexpired term in the office of State Treasurer is prescribed by Sections 1-2 and 1-122 of the 1962 Code of Laws, which, when properly construed together, clearly authorize the Governor to appoint until the meeting of the next General Assembly, at which time the General Assembly would elect a State Treasurer to serve the remainder of the unexpired term. Upon the death of Mr. Bates on August 17, 1966, the Governor made an appointment to the office of State Treasurer in accordance with the foregoing statutes.

There is therefore no vacancy in the office of State Treasurer to be filled at the General Election to be held on November 8th. Instead, the election is one to fill the next term of office of State Treasurer, commencing on the third Tuesday in January 1967, to which the election statutes clearly apply.

Therefore, the Secretary of State properly refused to include the name of the defendant Wannamaker on the official ballot since the petition was not timely filed in accordance with the applicable statutes.

It is so ordered.