STATE OF NEBRASKA, APPELLANT, v. STEWART W. GREENBURG, APPELLEE.

187 N. W. 2d 751

Filed June 18, 1971. No. 37841.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellant.

Van Steenberg, Meyers & Burke, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was charged with possession of one-half pound or more of mixtures or substances containing cannabis in violation of section 28-472.03, R. S. Supp., 1969. The trial court sustained a motion to quash the information on the ground that the law was unconstitutional, and ordered the defendant discharged. The State then obtained leave to docket error proceedings under section 29-2315.01, R. R. S. 1943, to review the order of the district court.

Prior to 1969, cannabis was defined as a narcotic drug, and unlawful possession of cannabis was a felony punishable under section 28-470, R. R. S. 1943. In 1969, the Legislature enacted L.B. 2 (Laws 1969, c. 197, p. 793) which related specifically to cannabis and its resin. Unlawful possession of less than a specified amount of cannabis was made a misdemeanor. § 28-472.04, R. S. Supp., 1969. The act further provided that the penalties provided in sections 28-472.03 and 28-472.04 were to be applicable to all violations of the act and all charges pending on April 11, 1969. § 28-472.05, R. S. Supp., 1969.

It is clear that L.B. 2 amended section 28-470, R. R. S. 1943, by implication. It did not comply with Article III, section 14, of the Nebraska Constitution, which provides that "no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

The State contends that the constitutional requirement was not applicable because L.B. 2 was an independent act. It is well established that the constitutional provision is not applicable to an independent act complete in itself. Blair Co. v. American Savings Co., 184 Neb. 557, 169 N. W. 2d 292.

The difficulty with L.B. 2 is that it was not complete

in itself insofar as applicable to the subject matter properly embraced within its title. If it is assumed that the subject matter of L.B. 2 was "marihuana abuse," as suggested by the State, the act cannot properly be considered as complete in itself. Cannabis is still defined as a narcotic drug in subsection (14) of section 28-451 as amended by L.B. 2 (§ 28-451, R. S. Supp., 1969) and is subject to the requirements, restrictions, and exemptions of the Narcotic Drugs Act.

Section 28-472.03, R. S. Supp., 1969, refers to knowing and *unlawful* possession of cannabis. In order to ascertain what is unlawful possession of cannabis, it is necessary to consider the various exemptions contained in the Narcotic Drugs Act. Instead of being an independent act complete in itself, L.B. 2 relates itself to other existing statutes dealing with the same subject matter. As stated in State ex rel. Beal v. Bauman, 126 Neb. 566, 254 N. W. 256: "In truth, the new enactment accomplished nothing of independent nature and its effect is wholly confined to 'changes' of what theretofore existed, with the evident intent of its authors that by the mingling of the new changes with old provisions a connected piece of legislation covering the same and original subject would result."

The State further contends that L.B. 2 worked a repeal by implication, as distinguished from an amendment, and that repeals by implication are not subject to the constitutional requirement. We think that a proper interpretation to the effect of L.B. 2 upon section 28-470, R. R. S. 1943, is that section 28-470 was amended but not repealed by L.B. 2. Section 28-470, R. R. S. 1943, was amended during the 1969 session by L.B. 1385 (Laws 1969, c. 218, p. 839) which became effective more than 3 months after L.B. 2. Section 28-470, as amended by L.B. 1385, provides in part: "Except as provided in sections 28-472.03 and 28-472.04, * * *." § 28-470, R. S. Supp., 1969. The exception inserted in section 28-470 was a legislative recognition of the amendment of section

28-470 by L.B. 2 but not a repeal of the section.

As stated in Chicago, B. & Q. R.R. Co. v. County of Box Butte, 166 Neb. 603, 90 N. W. 2d 72: "The wisdom of the constitutional provision is not a matter for this court to determine. The constitutional limitation placed upon the Legislature in amending existing statutes must be followed, and where, as here, its terms are not complied with, the act is void and of no force or effect."

The finding of the trial court that L.B. 2, including section 28-472.03, R. S. Supp., 1969, was invalid was correct. The remaining question is whether the information should have been quashed and the defendant discharged. Ordinarily, the invalidity of an amendatory act leaves the original statute in force. See State ex rel. Baldwin v. Strain, 152 Neb. 763, 42 N. W. 2d 796.

Section 28-470 as amended by L.B. 1385 (28-470, R. S. Supp., 1969) on its face appears to be inapplicable to any case in which section 28-472.03, R. S. Supp., 1969, is applicable. However, since section 28-472.03, R. S. Supp., 1969, was invalid for any purpose and was as inoperative as though it had never been passed, the reference to section 28-472.03, R. S. Supp., 1969, at the beginning of section 28-470, R. S. Supp., 1969, was surplusage. The result is that the defendant was subject to prosecution under section 28-470, R. S. Supp., 1969, which was in effect on August 20, 1969, the date alleged in the information. The information should not have been quashed and the defendant should not have been discharged.

EXCEPTIONS SUSTAINED.