JAMES ROBERT JOHNSON, Petitioner, *v.* PAUL S. GOLDMAN, as Judge of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, Respondent.

No. 10327

January 25, 1978                                    575 P.2d 929

*Peter L. Flangas,* Las Vegas, for Petitioner.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Thomas D. Beatty,* Assistant District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In this original proceeding, petitioner James Robert Johnson seeks an extraordinary writ prohibiting respondent judge from presiding over his trial. Without filing an affidavit of bias or prejudice or otherwise alleging any grounds. for disqualification, petitioner sought to disqualify respondent by utilizing the peremptory challenge procedure established by 1977 Nev. Stats. ch. 398, § 2 (codified as NRS 1.240).[1] Respondent contends 1977 Nev. Stats. ch. 398, § 2, constitutes an unwarranted interference with the courts in the exercise of their judicial

---

[1] 1977 Nev. Stats. ch. 398, § 2 (codified as NRS 1.240), provides:

"1. Any party to any civil action or proceeding pending in any court except the supreme court is entitled to a peremptory challenge against the judge

function and violates the doctrine of separation of powers. We agree and hereby declare the enactment null and void.

Pursuant to 1977 Nev. Stats. ch. 398, § 2, upon paying $100, "[a]ny party to any civil action or proceeding pending in any court except the supreme court is entitled to a peremptory challenge against the judge assigned to try or hear the case, . . ." Nothing more is required.[2]

In C.V.L. Co. v. District Court, 58 Nev. 456, 83 P.2d 1031 (1938), we struck down a recusal statute nearly identical to 1977 Nev. Stats. ch. 398, § 2, wherein the legislature attempted to subject the judicial power of a duly appointed or elected and qualified judge to the whims and caprices of the litigants and their attorneys.[3] Other statutory recusal procedures, such as those envisioned by the 1977 enactment, have also been

---

assigned to try or hear the case, subject to the provisions of this section. The peremptory challenge shall be filed in writing with the clerk of the court in which the case is pending and a copy served on the opposing party. The filing shall be accompanied by a fee of $100 which the clerk shall transmit to the state treasurer. The fee shall be deposited in the state treasury to the credit of the state general fund for the support of district judges' travel.

"2.    Except as provided in subsection 3, the peremptory challenge shall be filed:

"(a) Not less than 30 days before the date set for trial or hearing of the case; or

"(b) Not less than 3 days before the date set for the hearing of any pretrial matter.

"3.    If a case is not assigned to a judge before the time required for filing the peremptory challenge, the challenge shall be filed:

"(a) Within 3 days after the party or his attorney is notified that the case has been assigned to a judge; or

"(b) Before the jury is empaneled, evidence taken or any ruling made in the trial or hearing, whichever occurs first.

"4.    If one or two or more parties on one side of an action or proceeding files a challenge, no other party on that side may file a separate challenge, but each is entitled to notice of the challenge and may file the name of any other judge to whom he would object. When the action or proceeding is transferred, it shall be transferred to a judge to whom none of the parties has objected, or if there is no such judge within the category of judges to whom it may be transferred, then to the judge to whom the fewest parties on that side have objected.

"5.    The judge against whom a peremptory challenge is filed shall transfer the case to another department of the court, if there is more than one department of the court in the district, or request the judge of another district to preside at the trial or hearing of the matter.

"6.    The provisions of this section do not apply in delinquency cases in juvenile court proceedings under chapter 62 of NRS."

[2]Petitioner's challenge to respondent judge provided, *in toto:*

"I, JAMES ROBERT JOHNSON, pursuant to NRS 1.240 as amended, peremptorily challenges [sic] the Honorable PAUL S. GOLDMAN, District Judge, Department X, assigned to try this case."

[3]That statute provided:

"[I]f any of the parties to a civil action or proceeding to be tried in any district court of this state, or his or its attorney or agent, shall make and file a request for a change of judge in the hearing and trial of such civil action or proceeding, such district judge shall at once transfer the action or proceeding to some other department of the court, if there be more than one department

declared unconstitutional. *See, for example,* State v. Vandenberg, 280 P.2d 344 (Ore. 1955); Austin v. Lambert, 77 P.2d 849 (Cal. 1938).

Because 1977 Nev. Stats. ch. 398, § 2 (codified as NRS 1.240), is unconstitutional, the procedures which previously governed judicial recusal by affidavit, set forth in 1975 Nev. Stats. ch. 415, § 1, paras. 5, 6 and 7 (previously codified as NRS 1.230(5), (6) and (7)) and 1957 Nev. Stats. ch. 46, § 2 (previously codified at NRS 1.240), and which were purportedly repealed by 1977 Nev. Stats. ch. 398, remain in effect.[4] *See* C.V.L. Co. v. District Court, *supra.*

Accordingly, the writ is denied.

of said court in such district, or in the event there is only one department of the district court in such district, such district judge shall call in a district judge from some other district of this state to preside at the hearing and trial of said civil action or proceeding and to hear all further proceedings to be had therein; . . . ." 1937 Nev. Stats. ch. 117, p. 214 *et seq.*

[4]The portions of the prior enactments which remain in effect are:

1975 Nev. Stats. ch. 415, § 1, paras. 5, 6 and 7 (previously codified as NRS 1.230(5), (6) and (7)), which provide:

". . .

"5.  A judge shall not act as such if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action. The judge shall proceed no further therein but either transfer the action to some other department of the court, if there be more than one department of the court in the district, or request the judge of some other district court of some other district to preside at the hearing and trial of the action. Every affidavit must be filed at least 10 days before the hearing of a contested matter if a judge has been assigned to hear such matter or, if a judge has not been assigned at least 10 days prior to such hearing, the affidavit must be filed when the party or his attorney is notified that a judge has been assigned to hear the matter. No affidavit shall be filed unless accompanied by a certificate of the attorney of record for affiant that the affidavit is made in good faith and not for delay, and the party filing the affidavit for change of judge shall at the time of filing same pay to the clerk of the court in which the affidavit is filed $25, which sum shall be by the clerk transmitted to the state treasurer who shall place the same to the credit of the district judges' traveling fund. The right hereby granted may be lost by the failure of a party to comply with the requirements set forth in this subsection or by a waiver in writing executed by the party or by his attorney, and not otherwise. The provisions of this subsection do not apply in delinquency cases in juvenile court proceedings under chapter 62 of NRS.

"6.  No judge or court shall punish for contempt anyone making, filing or presenting . . . an affidavit pursuant to subsection 5.

"7.  This section shall not apply to the arrangement of the calendar or the regulation of the order of business. . . ."

1957 Nev. Stats. ch. 46, § 2 (previously codified as NRS 1.240), which provides:

"Not more than one change of judge may be granted in any civil action under the procedure provided by subsection 5 of NRS 1.230, but each party to the action shall have an opportunity to urge his objections to any judge before the action or proceeding is assigned to another judge, and the assignment shall be to the most convenient judge to whom the objections of the parties do not apply or are least applicable."