COUNTY OF CLARK, BY AND THROUGH ITS BOARD OF COUNTY COMMISSIONERS, THALIA DONDERO, CHAIRMAN, DAVID CANTER, VICE CHAIRMAN, ROBERT N. BROADBENT, SAM BOWLER, RICHARD RONZONE, MANUEL CORTEZ, AND JACK PETITTI, CONSTITUTING SAID BOARD, AND SHERIFF OF CLARK COUNTY, RALPH J. LAMB, APPELLANTS, v. CITY OF LAS VEGAS, NEVADA, BY AND THROUGH ITS BOARD OF CITY COMMISSIONERS, WILLIAM H. BRIARE, RON LURIE, PAUL J. CHRISTENSEN, ROY WOOFTER AND MYRON E. LEAVITT, CONSTITUTING SAID BOARD, RESPONDENTS.

No. 12626

May 26, 1981                              628 P.2d 1120

---

*Robert J. Miller,* District Attorney, *Scott W. Doyle,* Deputy District Attorney, Clark County, for Appellants.

*George F. Ogilvie,* City Attorney, *John H. Howard, Jr.,* Deputy City Attorney, Las Vegas, for respondents City of Las Vegas and Board of City Commissioners.

**OPINION**

By the Court, BATJER, J.:

The City of Las Vegas (City) and F. D. Houston,[1] a resident of Las Vegas, Nevada, filed suit for declaratory relief against Clark County (County) challenging the constitutionality of Chapter 280 of the Nevada Revised Statutes. That chapter mandates consolidation of county and city police agencies in any city which is the county seat of a county having a population of 200,000[2] or more. The legislation was first enacted in 1973 and the Legislature has amended portions thereof during each successive legislative session.

In the district court the County moved for partial summary judgment based upon its contention that NRS Chapter 280 did not constitute special or local legislation. The City filed a cross-motion for partial summary judgment asking that NRS Chapter 280 be held unconstitutional as a matter of law.

The district court granted partial summary judgment for the City, declaring portions of NRS 280.100 and NRS 280.201 to be unconstitutional, granted the County's motion for certification pursuant to NRCP 54(b) and ordered the parties stayed from implementing any changes relating to the partial summary judgment pending appeal.

The County claims that the district court erred when it found NRS 280.100 and NRS 280.201 to be special or local legislation prohibited by the Nevada Constitution, art. 4, §§ 20, 21 and 25, and therefore unconstitutional.

Legislative enactments enjoy the presumption of constitutionality. The burden is upon the attacking party to show the

---

[1] F. D. Houston has not participated in this appeal.

[2] NRS 280.100, which became effective in 1980 when the decennial census was reported, raised the county population figure to 250,000.

questioned statute to be unconstitutional. Anthony v. State of Nevada, 94 Nev. 337, 341, 580 P.2d 939, 941 (1978); Damus v. County of Clark, 93 Nev. 512, 516, 569 P.2d 933, 935 (1977); Viale v. Foley, 76 Nev. 149, 152, 350 P.2d 721, 722 (1960).

1. The district court declared NRS 280.100 to be unconstitutional as originally enacted because it included the date of July 1, 1973.[3] The court found "upon a fair reading" that the date operated as an absolute cutoff beyond which no additional cities or counties would be compelled by law to merge. Since Clark County and Las Vegas were the only entities meeting the requirements on that date, the court found the statute to be impermissible special legislation. This conclusion was erroneous because by Chapter 572 of the 1979 Statutes of Nevada, the legislature deleted the date which, according to the ruling of the district court, rendered NRS 280.100(1) unconstitutional. If the original insertion of "July 1, 1973" into NRS 280.100(1) rendered that section unconstitutional, its deletion by amendment cured the defect. McCormick v. District Court, 69 Nev. 214, 221, 246 P.2d 805, 808 (1952).

2. NRS 280.100 mandates consolidation of a county law enforcement agency with the law enforcement agency of a city which is the county seat, if the county's population is 200,000 or more. The district court found NRS 280.100 to be "illusory" because it was not reasonably and rationally related to a legitimate legislative purpose and therefore unconstitutional. This was error. If the Legislature enacts a statute with a population classification which applies to a few counties, or even to one county, it is not necessarily in contravention of the Nevada Constitution, art. 4, §§ 20 and 21, which forbids the enactment of local or special laws. Viale v. Foley, *supra*.

If the classification applies prospectively to all counties which might come within its designated class, it is neither local nor special. Reid v. Woofter, 88 Nev. 378, 380, 498 P.2d 361, 367 (1972); Fairbanks v. Pavlikowski, 83 Nev. 80, 83, 423 P.2d 401 (1967).

---

[3]NRS 280.100 formerly read:

1. Each county which has a population of 200,000 or more and the city which is the county seat of each such county shall comply with the provisions of this chapter on July 1, 1973. Any other city in any such county may comply with provisions of this chapter on or after July 1, 1973.

2. Each county which has a population of less than 200,000, and any city or cities located in the county may comply with the provisions of this chapter on or after July 1, 1973.

Nor is such an enactment in violation of the Nevada Constitution, art. 4, § 25, which requires a uniform system of county and township government as long as the use of the population criteria is rationally related to the subject matter and does not create an odious or absurd distinction. Anthony v. State of Nevada, 94 Nev. 338, 341, 580 P.2d 939, 941 (1978).

Although the district court correctly found the intended legislative purpose as expressed in Chapter 568 of the 1973 Statutes of Nevada was to reduce duplication of functions and expenses and to coordinate law enforcement efforts throughout the metropolitan areas, it nevertheless went on to determine the legislative purpose would not be served by the population based mandatory merger provisions of NRS 280.100, both as originally enacted and as amended by Chapter 338, 1979 Statutes of Nevada. *See* NRS 280.010.

For nearly a century this court has continued to approve use by the legislature of a population criterion in effecting laws which may nevertheless be deemed general.[4] State v. Donovan, 20 Nev. 75, 15 P. 783 (1887); Damus v. County of Clark, *supra;* Anthony v. State, *supra; accord,* Reid v. Woofter, *supra.*

However, the use must be rationally related to the subject matter and must not create odious or absurd distinctions. Anthony v. State of Nevada, *supra.*

Here, the required consolidation of law enforcement agencies of the county seat and the county within the population limitations is as rationally related to the subject matter and the purpose of the act as were the relationships in the previously decided cases. NRS 280.010. The population limitation is prospectively applicable to all counties and county seats which might come within its designated class. Furthermore, the limitations are neither odious, absurd or bizarre and comport favorably with established law. As a result, we reverse the district court and find NRS 280.100 to be constitutional.

3.   We turn now to consider the funding formula and find that NRS 280.201(1)(a) specifies rather than classifies and is therefore constitutionally impermissible and in contravention of Nevada Constitution, art. 4, § 21. State v. Boyd, 19 Nev. 43

---

[4]The general power to make a classification of counties based upon a voting population, is expressly recognized in Young v. Hall, 9 Nev. 212 (1874); State v. Woodbury, 17 Nev. 337 (1883).

(1885); Anthony, *supra,* at 342, 580 P.2d at 942. The unconstitutional specification did not appear in the original enactment of 1973,[5] but was added in the amendments of 1977[6] and 1979.[7] Because these specifications in the plan for apportionment of expenses, as amended, are unconstitutional, the law as it existed prior to the amendments will be controlling. Johnson v. Goldman, 94 Nev. 6, 9, 575 P.2d 929, 930 (1978).

4. Although both the City and the County, in briefs filed with this court, extensively discuss the question of the constitutionality of those particular sections of Chapter 338, 1979 Statutes of Nevada, which raised the population classification factor from 200,000 to 250,000, that question is not now before us. In the order granting partial summary judgment, the district court specifically found those sections of Chapter 338, 1979 Statutes of Nevada, which change the population classification factor in NRS Chapter 280 from 200,000 to 250,000, to be unconstitutional. The County has chosen not to appeal from that finding, and has specifically conceded the unconstitutionality of the change from 200,000 to 250,000. Upon that issue the partial summary judgment of the district court remains in full force and effect.

The judgment of the district court is affirmed in part and reversed in part in conformance with this opinion.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.

---

[5]1973 Nev. Stats. Ch. 568, § 21 at 918:

1. Commencing with the preparation of the budget for the first fiscal year after merger and annually thereafter, the governing bodies of the various participating political subdivisions shall, in determining the amounts of their respective budget items allocated to law enforcement, apportion among all the participating political subdivisions the total anticipated capital and operating costs of the department, as submitted by the police commission, on the basis of a formula which has been approved by the Nevada tax commission.

[6]1977 Nev. Stats. Ch. 196, § 3(1)(a) at 363:

In those counties which have:

Only one participating city, the county and the city shall pay equal shares of the total capital and operating costs of the department.

[7]1979 Nev. Stats. Ch. 518, § 1(a) at 1002:

In those counties which have:

(a) Only one participating city, the county shall pay 53 percent and the city shall pay 47 percent of the total capital and operating costs of the department.