Jeffrey L. SMITH and Elaine D.R. Smith, Appellants (Plaintiffs),

v.

Paul THROCKMARTIN, Appellee (Defendant).

No. 94–21.

Supreme Court of Wyoming.

April 12, 1995.

Robert W. Horn of Robert W. Horn, P.C., and Steven D. Olmstead, Jackson, for appellants.

Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The question here is the existence of a genuine issue of material fact with respect to culpable negligence on the part of a "co-employee" which would prevent summary judgment in favor of the defendant. Jeffrey L. Smith and Elaine D.R. Smith (Smiths) sued Paul Throckmartin (Throckmartin), a supervisory co-employee, seeking recovery for personal injuries and loss of consortium, contending Throckmartin was culpably negligent. The district court ruled the Smiths had failed to demonstrate Throckmartin intentionally and unreasonably acted in disregard of a known or obvious risk in a way to make it highly probable harm would follow. Following *Baros v. Wells,* 780 P.2d 341 (Wyo. 1989), the court granted a summary judgment in favor of Throckmartin. Our examination of the record discloses, other than the contention a jury might infer culpable negligence, there is no factual demonstration on the part of Smith that satisfies the culpable negligence rule. We hold the case is not distinguishable from *Baros,* and the judgment of the district court is affirmed.

The issue as stated by the Smiths in their Brief of Appellant is:

I. Whether there are genuine issues of material fact which preclude summary judgment in favor of appellee on the standard of culpable negligence.

The Brief of Appellee on behalf of Throckmartin sets forth the issue in this way:

Does a genuine issue of material fact exist regarding whether Appellant's injuries resulted from an intentional act of unreasonable character committed in disregard of a known or obvious risk?

We discern no dispute about the operative facts. Smith and Throckmartin were loading sand into a sanding truck belonging to the City of Riverton. Both were employed by the City, Smith as a sanitation equipment operator and Throckmartin as the streets, alleys, and sanitation superintendent. Throckmartin was operating a backhoe loader, using it to load and tamp sand into the sanding truck. Smith was standing on the truck and using a metal bar to break up damp clumps of sand so they would not clog the grate, and the sand would flow smoothly out of the sander. Throckmartin was Smith's supervisor as well as the equipment operator. Throckmartin and Smith had worked together on previous occasions performing the tasks in the same manner as they were at the time of the accident.

During the loading process, the backhoe struck the metal bar Smith was holding, and Smith lost his balance and fell from the sanding truck. Smith sustained serious injuries including a closed head injury, bruises, scratches, cuts, abrasions to the head and neck, and compression fractures of the T5, T6, and T7 vertebrae. Smith received the statutory benefits provided by the Wyoming Worker's Compensation Act.

The Smiths then filed their action against Throckmartin pursuant to the provisions of WYO.STAT. § 27–14–104 (1991), claiming damages for personal injuries and for the loss of consortium. The Smiths alleged Throckmartin was culpably negligent and, therefore, recovery was permitted despite the exclusive remedy provision of the Wyoming Worker's Compensation Act. After Throckmartin answered, discovery was pursued, which included written requests for admissions, written interrogatories, and oral depositions. Throckmartin then filed a motion for summary judgment. Three issues were presented by Throckmartin in his brief in support of his motion for summary judgment. Those were a contention the record showed no genuine issue of material fact as to culpable negligence as required in order to bring an action against a co-employee; a contention the equipment was not the type of motor vehicle contemplated in the exceptions to the Wyoming Governmental Claims Act; and a contention of immunity from legal action as an employee covered by the Wyoming Worker's Compensation Act. After a hearing, the trial court granted Throckmartin's motion, ruling that there was no genuine issue of material fact as to culpable negligence.

In the Order Granting Defendant's Motion for Summary Judgment, the court made these pertinent statements:

3. In order to recover from his supervisory co-employee, Plaintiff must prove that Defendant acted with culpable negligence in causing his injuries on December 1, 1992. *Copp v. Redmond,* 858 P.2d 1125 (Wyo.1993). Plaintiff's cause of action premised in ordinary negligence must be dismissed, therefore, for failing to state a valid claim. *Id.*

4. Based on the undisputed facts, this Court concludes that defendant is entitled to judgment as a matter of law because plaintiff failed to demonstrate that defendant intentionally and unreasonably acted in disregard of a known or obvious risk that was so great as to make it highly probable the harm would follow.

The record does not indicate the trial court addressed the second and third arguments posed by Throckmartin.

The parties agree the applicable standard is culpable negligence. In *Mills v. Reynolds,* 837 P.2d 48 (Wyo.1992), the court declared unconstitutional the provisions of WYO.STAT. § 27–14–104(a) (Supp.1987) which granted complete immunity to co-employees, including immunity for intentional acts and willful and wanton misconduct. The next year, we

reinstated the culpable negligence standard, saying:

> The task of this court is to settle what standard applies to such cases between the July 1, 1987 effective date of the repeal of the "culpable neglect" language and the most recent amendment which went into place on February 18, 1993. * * * The effect of our decision in *Mills,* was simply this: For the purpose of suits, such as the instant case, the language, "or his employees acting within the scope of their employment unless the employees are culpably negligent," which appeared in § 27–12–103(a) is revived and governs all such cases for that time period.

*Copp v. Redmond,* 858 P.2d 1125, 1126 (Wyo. 1993).

Smith's injuries occurred during the period of time described in *Copp.*

Our focus must be upon the demonstration by Throckmartin in the record that he was not culpably negligent and the factual materials produced by Smith to establish Throckmartin was culpably negligent. *Baros,* 780 P.2d at 343, upon which the trial court relied, summarized the concept of culpable negligence in this way:

> In *Barnette v. Doyle,* Wyo., 622 P.2d 1349, 1362 (1981), we defined the term "culpable negligence" as "willful and serious misconduct." We defined the term "willful" in this context as " 'such as is done purposely, with knowledge—or misconduct of such a character as to evince a reckless disregard of consequences.' " *Id.,* quoting *Hamilton v. Swigart Coal Mine,* 59 Wyo. 485, 143 P.2d 203, 206, 149 A.L.R. 998 (1943).
>
> The aggravating factor which distinguishes willful misconduct from ordinary negligence is the actor's state of mind. In order to prove that an actor has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that approaches intent to do harm. State of mind, of course, may be difficult to prove. Accordingly, courts allow a party to establish that willful misconduct has occurred by demonstrating that an actor has intentionally committed an act of unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow.

*Bryant v. Hornbuckle,* 728 P.2d 1132, 1136 (Wyo.1986) (*quoted in Stephenson v. Pacific Power & Light Company,* 779 P.2d 1169, 1174–75 (Wyo.1989), and *Johnston [v. Conoco],* 758 P.2d [556] at 568–69 [ (Wyo. 1988) ].

In the same case, we also summarized the summary judgment process:

> Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. *Roybal v. Bell,* 778 P.2d 108 (Wyo.1989); *Doud v. First Interstate Bank of Gillette,* 769 P.2d 927 (Wyo.1989). We review a summary judgment in the same light as the district court, using the same materials and following the same standards. *Roybal,* 778 P.2d 108; *Johnston v. Conoco, Inc.,* 758 P.2d 566 (Wyo.1988). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Doud,* 769 P.2d 927; *Albrecht v. Zwaanshoek Holding En Financiering, B.V.,* 762 P.2d 1174 (Wyo.1988).

*Baros,* 780 P.2d at 342.

█ In prior cases, we have attempted to define culpable negligence by stating what it was not. In *Barnette v. Doyle,* 622 P.2d 1349, 1362 (Wyo.1981), we said, "[a] defendant is not culpably negligent if his misconduct arose from a 'thoughtless, heedless or inadvertent' act, or an error in judgment." We relied upon *Hamilton v. Swigart Coal Mine,* 59 Wyo. 485, 143 P.2d 203 (1943). In *Case v. Goss,* 776 P.2d 188, 191 (Wyo.1989), we said willful misconduct "must be more than mere mistake resulting from inexperience, excitement or confusion, and more than mere thoughtlessness or inadventure, or simple inattention." We also said culpable negligence is recognized as "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." In *Case,* we relied upon *Mitchell v. Walters,* 55 Wyo. 317, 100 P.2d 102 (1940). The concept

of culpable negligence is not new in Wyoming.

■ It is against these precedents that we test this record to determine if it manifests a genuine issue of material fact with respect to whether Throckmartin engaged in intentional and unreasonable acts in disregard of a known or obvious risk so great as to make it highly probable Smith's injury would follow. Smith contends Throckmartin knew of the dangers and risks involved in loading sand with a backhoe loader and failed to follow established safety rules. Smith also argues the cumulative effect of the failure to follow several safety standards is sufficient to demonstrate the reckless, willful, and wanton state of mind sufficient to raise the genuine issue of material fact.

Throckmartin denied he intentionally knocked Smith off the sanding truck, and he also denied the loading procedure was unreasonable in character or that he knew of the risk. Critical testimony from Smith demonstrated he believed Throckmartin "[p]robably just made a simple mistake." He said:

Q. Do you think that Paul [Throckmartin] purposely knocked you off the back of this sander?

A. No. I don't think so.

Q. Did he have any ill feelings towards you that you know about?

A. Not that I know of.

Q. Did he have any reason to try to hurt you that you know of?

A. No.

Q. So you don't think he did it on purpose?

A. No.

The record also discloses Throckmartin and other employees, including Smith, had performed this sand loading operation numerous times previously without any injury. Both Smith and Throckmartin had used the very same procedure for loading sand in the past, and it was a "common procedure." Smith conceded he had previous experience in the loading operation, having worked on the sanding truck on other occasions and having assisted in loading the sand. He had broken clumps of sand in a similar manner.

The trial court stated it was struck by the "similarities in the facts" between this case and *Baros*, and it found no evidence Throckmartin knew of a very high risk because the same operation had been performed many times without injury. We have addressed the conclusion to be drawn from conformance with previous practices:

We agree with the trial court's determination that appellant failed to raise a genuine issue of material fact on the question of culpable negligence. In support of his summary judgment motion, Mr. Hornbuckle produced evidence which demonstrated that he was conforming to an industry standard, that he himself used the butane torch method for thawing frozen water valves, that he was aware of no incidents similar to the one involving plaintiff, and that he did not anticipate or expect such an occurrence. This evidence constituted a prima facie showing that there was no genuine issue of material fact. If unrefuted, it demonstrated that Mr. Hornbuckle did not act with a "culpable" or "willful" state of mind. The harmful consequences were unknown to him; the risk was not obvious; it was not highly probable that harm would follow. Consequently, the burden of establishing a genuine issue of material fact shifted to appellant. *Harden v. Gregory Motors*, Wyo., 697 P.2d 283 (1985).

*Bryant v. Hornbuckle*, 728 P.2d 1132, 1136 (Wyo.1986).

To counter the showing by Throckmartin of no culpable negligence, Smith turns to the City of Riverton Safety Policy Manual and the Operator's Manual for 410C and 510C Backhoe Loader. He contends these demonstrate Throckmartin knew the procedure was inherently dangerous, and he argues Throckmartin, in violating these procedures, disregarded the high probability of harm. We are satisfied this case matches what we said in *Poulos v. HPC, Inc.*, 765 P.2d 364, 366 (Wyo. 1988), about invoking safety regulations to show culpable negligence:

Appellant, in attempting to demonstrate [appellee's] alleged culpable negligence, relies heavily on violations of OSHA regulations concerning safety training and equip-

ment. While these asserted violations may constitute evidence of ordinary negligence, they do not demonstrate a state of mind consistent with culpable negligence, which requires knowledge or obviousness of a **high probability of harm.** (Emphasis in original.)

Smith also asserts culpable negligence can be demonstrated by the cumulative effect of the violation of several safety rules. The essence of Smith's argument is that it would be possible for the jury to draw such an inference and, therefore, he is entitled to have his case submitted to the jury. Our rule in this regard is that the potential of inferences, in and of itself, raises no genuine issue of material fact when posed against uncontroverted testimony to the contrary. *Blackmore v. Davis Oil Co.,* 671 P.2d 334 (Wyo.1983). Other than his reliance upon the prospect of a drawing of an inference by a jury, Smith presented no facts that would raise any genuine issue of material fact with respect to culpable negligence. He failed to meet his burden of showing the genuine issue of material fact, as that concept is defined in *Johnson v. Soulis,* 542 P.2d 867 (Wyo.1975).

We agree with the conclusion of the trial court that there is no genuine issue of material fact. Smith presented nothing in this record that suffices, under our precedent, to demonstrate Throckmartin, in the language of *Baros,* 780 P.2d at 343, "intentionally committed an act of unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow." We hold the trial court correctly applied the appropriate rule to the facts. The earnest desire on the part of Smith to see if a jury would draw a contrary inference does not serve to raise a genuine issue of material fact.

We affirm the summary judgment entered by the district court in favor of Throckmartin.